PEOPLE v. GEORGE.

1. CRIMINAL LAW—ORDER OF PROBATION · MUST BE WRITTEN AND FILED OR ENTERED.

Only a written order of probation is valid since it is mandatory that such order be filed or entered in the cause in which it is made, as oral unrecorded instructions to the probationer cannot be filed or entered (3 Comp. Laws 1929, § 17372; § 17373, as amended by Act No. 308, Pub. Acts 1931).

2. SAME—PROBATION—CONDITIONS—PRESUMPTIONS.

One convicted of crime and placed on probation has a right to know the conditions with which he was required to comply and while he is presumed to know the conditions prescribed by law no such presumption attaches to such other conditions as existed only in the mind of the judge, unexpressed to the defendant either orally or in the order for probation (3 Comp. Laws·1929, § 17372; § 17373, as amended by Act No. 308, Pub. Acts 1931).

3. SAME—ORAL ORDER OF PROBATION—INVALID CONDITIONS.

Oral order of probation made to defendant before a deputy officer of the court that defendant who had been convicted of taking indecent liberties with a 7-year-old girl, move into the country away from the· neighborhood in which there were children, that he take 'treatment from a private psychiatrist and bring in a report from a doctor once a month were not valid conditions of probation as they were not filed or entered in the cause (3 Comp. Laws 1929, § 17372; § 17373, as amended by Act No. 308, Pub. Acts 1931).

4. SAME—PROBATION—SENTENCE—REMAND.

Where trial judge made an improper order of probation, revoked it and sentenced defendant, order of revocation and sentence are set aside and defendant remanded for entry of a correct order of probation.

Appeal from Recorders Court of the City of Detroit; Gillis (Joseph A.), J. Submitted April 17, 1947. (Docket No. 84, Calendar No. 43,532.) Decided June 27, 1947.

Alex George was sentenced after he was found guilty of having violated probation. Reversed and remanded for correct order of probation.

*John A. Hamilton,* for appellant.

*Eugene F. Black,* Attorney General, *James N. McNally,* Prosecuting Attorney, and *Robert Newton Smiley* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for the people.

SHARPE, J. Defendant, Alex George, was charged with and pleaded guilty to the crime of taking indecent liberties with a seven-year-old girl. Before sentence, his case was referred by Judge Gillis to the probation and psychopathic division of recorder's court. On October 10, 1945, the trial court placed defendant on probation for 3 years and ordered him to move out of the neighborhood. On January 14, 1946, defendant was brought before Judge Gillis and sentenced for alleged violation of probation to the State prison at Jackson for a minimum term of 5 years and a maximum term of 10 years.

On February 13, 1946, defendant, through his counsel, filed a motion to set aside the sentence of January 14, 1946. On April 4, 1946, an order was entered setting aside the sentence and granting a rehearing.

On April 17, 1946, defendant was again brought before Judge Gillis and charged by the court with violation of his probation as follows:

"1. Not moving into the country, away from the neighborhood in which there were children, as he was told by the court.

"2. Failure to take treatment from a private psychiatrist.

"3. Inability to respond to treatment because of defendant's attitude."

Defendant pleaded not guilty to the charges and urged that said grounds of violation were illegal and void because not made a part of defendant's sentence on October 10, 1945, or at any subsequent time by an amended order of probation. The trial court after hearing some testimony found defendant guilty and again sentenced him to prison for a period of 5 to 10 years with credit to be allowed for the time he served under his former sentence.

The record shows that on October 29, 1945, the court instructed the defendant in chambers that he move into the country and away from a neighborhood in which there were children; and that he take treatment from a private psychiatrist and bring a report from the doctor once a month. These instructions were not made in the form of a written order nor dictated to a reporter for the record, but were given in the presence of a deputy officer of the recorder's court.

The prosecuting attorney agrees with defendant that the oral unrecorded instructions upon which Judge Gillis based his finding of violation of probation were not legal orders of probation.

Certain statutory terms of probation are a part of every sentence. Section 17373, 3 Comp. Laws 1929, as amended by Act No. 308, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17373, Stat. Ann. § 28.1133), provides:

"(1) That the probationer shall not, during the term of his probation, violate any criminal law of the State of Michigan, or any ordinance of any municipality in said State;

"(2) That he shall not, during the term of his

probation, leave the State without the consent of the court granting his application for probation;

"(3) That he shall make a report to the probation officer, either in person or in writing, monthly, or as often as the latter may require."

This same section also provides:

"The court may impose such other lawful conditions of probation, including restitution in whole or in part 'to the person or persons injured or defrauded, as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper."

Section 17372, 3 Comp. Laws 1929 (Stat. Ann. § 28.1132), provides in part that:

"The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case fix and determine the period and conditions of probation and such order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable, both in form and substance, in the court's discretion."

We think it mandatory that the order above referred to shall be filed or entered in the cause. Oral unrecorded instructions cannot be filed or entered as required by the statute. Moreover, in *People* v. *Pippin,* 316 Mich. 191, we said:

"The defendant had a right to know the conditions with which he was required to comply. He is presumed to know the conditions prescribed by law. No such presumption attaches to such other conditions as existed only in the mind of the judge, unexpressed to the defendant either orally or in the order for probation, and no violation of these warrants revocation of probation."

We conclude that the oral instructions given defendant on October 29, 1945, were not valid conditions of probation as they were not filed or entered in the cause. The order of Judge Gillis entered April 17, 1946, revoking the probation of defendant and the sentence entered thereafter is set aside and vacated. Defendant is remanded for the entry of a correct order of probation.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.