## EDDIE WALLS V. STATE

No. 27,202. December 8, 1954
Appellant's Motion for Rehearing Denied.
(Without Written Opinion) January 12, 1955

*Peter P. Cheswick,* Houston, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an appeal from an order revoking probation.

The appellant plead guilty to the offense of forgery in Cause No. 68,888 in the Criminal District Court No. 3 of Harris County on May 22, 1953, and his punishment was assessed at 3 years. The judgment in said cause concluded with the following words: "Imposition of this sentence deferred. Defendant released pending terms of probation."

It appears from the testimony that on what was denominated the "Court's Working Pad" there appeared the following

order: "And on recommendation of State sentence is deferred and defendant admitted to probation, the terms of which are, defendant not to violate the laws of this or any other state. Released on $1000 Rec Bond."

There was on April 26, 1954, an unauthorized effort on the part of a deputy district clerk to alter and add to the original judgment so as to make it contain conditions of probation which had not originally been incorporated therein. These additions will not be considered because of the lack of authority on the part of the clerk to make the same.

On April 27, 1954, came on to be heard a petition to revoke probation, and appellant contends that since the original order contained no conditions the same was not subject to revocation.

The Adult Probation and Parole Law makes no mandatory provision that the conditions upon which probation is granted shall be entered in the minutes of the court.

In Ex parte Pittman, 157 Texas Cr. Rep. 301, 248 S.W. 2d 159, we said:

"In this connection, we observe that whenever a court employs the Adult Probation and Parole Law, it is incumbent upon him to incorporate in his order or judgment the conditions upon which the accused is paroled so that the accused and the authorities may know, with certainty, what those conditions are."

We must here determine if the court's working pad kept in his own handwriting meets this requirement.

We quote from the testimony of the clerk:

"Q. You are employed as Deputy District Clerk in Harris County, Texas? A. Yes sir.

"Q. As such do you have the care custody and control of the records of the criminal district Court No. 3 of Harris County, Texas? A. Yes.

"Q. What is that you have in your hand? A. That is what is known as the pad, we put the cases on it and the Judge enters the orders on it.

"Q. What is that? A. The docket, court docket, when the cases are set down for trial the judge enters his orders on this docket."

While it is true that this court has many times held that the docket notations do not constitute a record entry or minutes of the court, we are here concerned only with an order which is not by the statute required to be made a part of the minutes.

We have concluded that the docket or pad was kept in the office of the clerk and was available to the probationer and the authorities and meets the requirements set forth in the Pittman case.

The judgment is affirmed.