Edwin McAdoo **CAMPBELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40682.

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

Rehearing Denied Dec. 6, 1967.

Benjemin Kucera, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty, appellant was convicted of the offense of theft by bailee of property over the value of $50.00 on October 25, 1965. His punishment was assessed by the court at three (3) years confinement in the penitentiary. Thereafter execution of the sentence was suspended and appellant was placed on probation subject to certain terms and conditions.

█ We reject at the outset appellant's contention that we are now called upon to review errors alleged to have occurred at the time of his conviction from which he failed to appeal. Chavez v. State, Tex.Cr. App., 375 S.W.2d 729; McMillan v. State, 166 Tex.Cr.R. 15, 310 S.W.2d 116; Lee v. State, 172 Tex.Cr.R. 240, 355 S.W.2d 715; Gossett v. State, 162 Tex.Cr.R. 52, 282 S. W.2d 59.

The sole question presented is whether the trial judge abused his discretion in revoking probation.

From the order entered on October 26, 1966, following a hearing on the State's Motion to Revoke, it appears that the trial court revoked probation for the failure of the appellant to report as directed to the probation officer, failure to pay court costs and restitution and to report a change of address within twenty-four hours, all in violation of his conditions of probation.

The probationary condition imposed upon appellant relating to reporting reads as follows:

"(d) Report to the Probation Officer as directed; Defendant is *paroled* to P. L. Crossley, Adult Probation Officer, or his successors in office; Defendant shall report this day in person, and thereafter as directed by the said P. L. Crossley." (Emphasis Supplied.)

█ By such condition the court delegated to the probation officer the responsibility for establishing reporting dates and periods and imparting the same to the appellant. No evidence was offered to show when the appellant was directed to report. Mr. Crossley, the Adult Probation Officer, did testify that he received a written report from appellant on November 8, 1965 (13 days after probation was granted) and none thereafter. While there was testimony to the effect that appellant had failed to report for a number of months, Mr. Crossley did not testify that he had directed appellant to report monthly or otherwise, and that appellant was in violation of such instructions. This situation points up the practicality of including specific reporting dates in the written conditions, a copy of which must be delivered to the probationer.

█ The conditions of probation relating to restitution and courts costs were as follows:

"(h) Make restitution in the amount of $838.26 to the said Probation Officer, or his successors in office, said amount to be paid *on* or before the 25th day of November, 1967.

"(j) Pay to the District Clerk of Lubbock County, Texas, or his successors in office, the sum of $39.00 representing Court costs in this cause, said amount to be paid *on* or before the 25th of November, 1967." (Emphasis Supplied.)

It is obvious from the wording of these conditions that the date upon which the appellant would be in default, even at this late date, has not yet been reached.

The record reflects that appellant made a $40.00 payment on restitution on November 10, 1965, and $40.00 payments were made thereafter for several months by his parents. If the above-stated condition as to restitution was amended or modified by the court (as authorized by Section 6 of Article 781d, Vernon's Ann.C.C.P., which is now Article 42.12) to include monthly payments, it is not reflected by the record before us. The probation officer had no authority to alter the conditions of probation. The very purpose of the requirement that the clerk of the court furnish the probationer a copy of the terms and conditions of probation and note the date of such delivery on the docket is to insure that the probationer may know with certainty what those conditions are, and upon revocation there can be little question about the same. See Sec. 6, Article 781d, V.A.C.C.P. (Article 42.12).

We further observe there is an absence of any showing of appellant's ability to make the payments required, and that the failure to make restitution was intentional, McKnight v. State, Tex.Cr.App., 409 S.W. 2d 858, and the failure to pay court costs was willful, Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422.

 The last condition of probation, the violation of which this revocation is predicated upon, is as follows:

"(k) Defendant is to report any change of address within twenty-four (24) hours."

It is not clear from this condition to whom the appellant was required to make such report. No testimony was offered to show that appellant had in fact changed his address. It is true that some hearsay evidence was offered to show that appellant had been in another state, but the record further reflects that the court granted him written permission on October 26, 1965, to travel in various states as his employment might demand.

Under the record, we find that the trial court did abuse his discretion in revoking the probation.

The judgment is reversed.