Artie SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 40792.

Court of Criminal Appeals of Texas.

Nov. 22, 1967.

Rehearing Denied Jan. 17, 1968.

Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on May 20, 1963, appellant was found guilty of felony theft, and his punishment was assessed at a term of five years. The execution of the sentence was suspended, and probation was granted.

On November 28, 1966, motion to revoke probation was filed in which the District Attorney alleged that appellant committed a burglary on March 23, 1965. At the conclusion of the hearing, the court entered an order revoking probation in which he found that appellant had violated the terms of his probation in that he had on December 11, 1965, committed the offense of being drunk in a public place and had plead guilty to the complaint charging him with such offense. The order further recited that on March 23, 1965, appellant committed the offense of burglary upon a building occupied by Dolores Irene Stephens and further found that appellant had failed to report to the court, as required by the order granting probation on July 1 and January 1 of the years 1965 and 1966.

Appellant's first and second contentions are that the record does not reflect that he was furnished with a copy of his terms of probation at the time the same was granted him, as was required by Article 781d, Vernon's Ann.C.C.P., Section 6, in effect at the time he was granted probation. Appellant, testifying in his own behalf at the hearing on the motion to revoke, admitted that the court explained to him that he should not violate the law and should report.

His third contention is that because appellant plead guilty to the offense of drunkenness in the Corporation Court that this does not show that he violated a state law. No authority is cited in support of such contention, and we know of none.

His fourth contention is that the State has not shown a burglary because they failed to call the owner of the burglarized premises to show non-consent. Appellant in his own testimony testified that he did not have the consent of the owner when he stuck his head in a window

and held a sack for his companion who was in the building. His testimony makes him a principal to the crime.

It is concluded that the trial court did not abuse his discretion in revoking the order granting probation.

The judgment is affirmed.