Junior Ernest AVALOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44972.

Court of Criminal Appeals of Texas.

April 5, 1972.

Rehearing Denied June 14, 1972.

John T. Montford, Lubbock, for appellant.

Vernon D. Adcock, Dist. Atty., Lamesa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

The appellant was convicted on April 1, 1970, for the offense of burglary with intent to commit theft. The punishment was assessed at three years, probated.

On August 11, 1971, a motion to revoke probation was filed. It alleged that a condition of the probation was violated on the 20th day of June, 1971, in that Avalos violated a law of this State by breaking and entering a coin-operated machine which was under the care, custody and control of D. C. Hubbard without his consent with intent to commit theft.

At the hearing on the motion to revoke, a confession of the appellant was offered. After a Jackson v. Denno[1] type hearing was held, the court found the confession was voluntarily given after he had been properly warned of his rights which in substance complied with the requirements of Miranda v. Arizona[2] and Article 38.22, Vernon's Ann.C.C.P. Omitting the warning and the formal parts, it is as follows:

"I broke into the paper machine at the post office here in Tahoka about a month ago. I got about a dollar out of it. I took the papers out and threw them away

1. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

2. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694.

and then shook the money out of the machine. Yesterday I broke into the newspaper machine again, I didn't get any money because there was none in it. I threw the papers in the trash can there at the post office. My little brother was with me yesterday. He wasn't the first time. He is ten or eleven years old."

An agreement to stipulate the testimony of D. C. Hubbard was signed by the appellant, his counsel, the district attorney and the judge. In substance it recites that he, Hubbard, did not give the appellant permission to break into his coin-operated machine and that the appellant was never employed by him.

Jerry Davis of the Tahoka Police Department testified that on the day in question he saw the appellant and his younger brother, Rudy, enter the post office in Tahoka, look at the newspaper stand and leave when a car pulled into the parking lot. Later the two entered the post office again and the appellant went to the newspaper stand again while Rudy went to the door and was looking around. The appellant then began hitting the top of the newspaper stand and laid it over on its face and the door came open. He stood the stand up. Rudy then got eighteen or nineteen papers from the stand and put them in a trash barrel. The appellant took a paper and shut the door and the two left. They were followed a short distance by the officer and were placed under arrest.

■  The court revoked the probation and reduced the punishment to two years before sentencing the appellant.[3]

The sufficiency of the evidence is not challenged. The sole contention of appellant is that the court abused its discretion in ordering the revocation because there was

no proof that appellant had ever received or had notice of the conditions of his probation.

The appellant did not testify. There is no claim or assertion that he did not receive or have notice of the conditions of probation, but only that the record does not show that he was made aware of the conditions of probation.

■  Article 42.12, Section 6, V.A.C.C.P., provides: " . . . that the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket."

This provision of the statute should be followed.[4] See Cox v. State, Tex.Cr.App., 445 S.W.2d 200, and the suggestions of the writer of the concurring opinion, and Campbell v. State, Tex.Cr.App., 420 S.W.2d 715, 716.

If the other statutory conditions of probation such as a failure to avoid vicious habits, or persons of disreputable character or a failure to report to the probation officer had been utilized for revocation a different question would be presented. But here the allegation to revoke probation was that the appellant committed a felony offense. It is presumed that he knew it was a violation of a penal statute to break and enter a coin-operated machine and for such an offense he could be sentenced to the Texas Department of Corrections.

■  We hold that under the circumstances of the case where clear proof of a violation of a felony statute has been shown, the failure to show that the appellant received a copy of the conditions of probation does not by itself show an abuse of discretion.[5]

The judgment is affirmed.

3. Since the appellant had successfully served more than one third of the term this was proper. See Smith v. State, Tex.Cr.App., 399 S.W.2d 557.

4. The evidence by the former county attorney shows that a letter was mailed from his office to appellant on April

8, 1970, and it was not returned. The contents of the letter were not proved.

5. After this opinion was originally prepared, there has been forwarded to this Court a transcription of the court reporter's notes showing that the trial court at the time probation was granted ad-

ONION, Presiding Judge (concurring in part, dissenting in part).

I concur in the result reached for reasons hereinafter stated, but I dissent to that portion of the opinion which indicates that this court can presume the appellant knew one condition of his probation although we cannot so presume as to other conditions of probation. This court should not engage in such presumptions.

There is much to the old saying: "Bad cases make bad law." Poorly kept records, poorly tried cases, and inadequately prepared appellate records are all fertile breeding grounds for the presentation of issues to an overburdened appellate court based not on what actually transpired but on what the record would seem to indicate that occurred. To insure "justice" in a particular case, a statute is often given a torturous construction, a presumption is engaged in, etc., but in the process the meaning of the law may become less clear and the necessity of compliance with certain statutory requirements may generally be rendered meaningless. Thus, the clear cut intent of the Legislature in enacting a statute and requiring a certain procedure is frequently diluted by judicial decision-making processes attempting to avoid a harsh result and to do "justice" in a particular case all because of poorly kept records, poorly tried cases, negligence, oversight, lack of attention to detail, inadequately prepared appellate records, etc. These errors, mistakes, and oversights are often taken advantage of on appeal by the convicted defendant. Those responsible for the ineptness in the first place or their counsel frequently urge courts to do "justice" and not let.the other party seek an advantage even though the law was not followed. Like the siren's song, this argument is appealing and persuasive. The actual procedure that evolves though, through judicial interpretation of a statute, is, thus, often controlled and determined by those who may possess a personal disdain for the procedure legislatively required or those who were responsible for the ineptness, etc., rather than by the Legislature and the courts. When "justice" in a particular case overrides the law, the courts must accept their share of the responsibility in the thwarting of the legislative will.

The issue presented by the instant case is not actually a new one.

In Ex parte Pittman, 157 Tex.Cr.R. 301, 248 S.W.2d 159 (Tex.Cr.App.1952), this court held it to be incumbent upon the trial judge to incorporate in his order or judgment granting probation the conditions upon which the accused was being released "so that the accused and the authorities may know with certainty what those conditions are." McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (Tex.Cr.App.1958); Glenn v. State, 168 Tex.Cr.R. 312, 327 S.W.2d 763 (Tex.Cr.App.1959); Stover v. State, 365 S.W.2d 808 (Tex.Cr.App.1963) and McDonald v. State, 442 S.W.2d 386 (Tex.Cr. App.1969). Cf. Jackson v. State, 165 Tex. Cr.R. 380, 307 S.W.2d 809 (Tex.Cr.App. 1957).

In Walls v. State, 161 Tex.Cr.R. 1, 273 S.W.2d 875 (Tex.Cr.App.1954), the judgment did not contain the probationary conditions. There was no separate order of probation. A notation of the conditions by the trial court on the "docket" or "pad" kept by the clerk and available to the probationer and the authorities was held sufficient under the statute since the statute contained no mandatory provision that the conditions upon which probation is granted shall be entered upon the minutes of the court.

Perhaps, because of the *Walls* decision, the fact that defendants were released on probation without an adequate explanation of the conditions by the court, counsel or a probation officer and because the lack of supervision of probationers in many areas

vised the appellant of the conditions of probation which included the provision that he was not to violate the laws of this State. This was prepared after the case

was submitted and has not been approved by the trial judge, and it is not a part of the record. It has not been considered by the writer.

of the state, and because sometimes the conditions were not determined and entered of record until days after the probationer's release, the Legislature amended § 6 of Article 781d, Vernon's Ann.C.C.P., in 1959 to provide " . . . that the Clerk of the Court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket. . . ." (Acts 1959, 56th Leg., p. 1081, ch. 492, § 1).

This amendment was retained in the same language in the revision of the Code of Criminal Procedure in 1965 and is now found in § 6 of Article 42.12, Vernon's Ann. C.C.P.[1] A similar provision is found in Article 42.13, § 5(c), Vernon's Ann.C.C.P., (Misdemeanor Probation Law) though this statute requires that the clerk " . . . shall take a receipt from the probationer for the delivery of the statement" containing the probationary conditions.

The legislative intent is clear. It was to make doubly certain that there can be no misunderstanding of the conditions laid down by the court and to maintain a record so as to foreclose possible disputes in the future. See Campbell v. State, 420 S.W.2d 715, 717 (Tex.Cr.App.1967). Cf. People v. George, 318 Mich. 329, 28 N.W. 2d 86 (1947), where a revoked probation was reinstated when the probationer was not properly informed of his probation conditions.

The legislative intent expressed in these statutes is in accord with the American Bar Association Project on Standards for Criminal Justice, Standards Relating to Probation, § 3.1(a), which provides that "all of conditions of probation should be prescribed by the sentencing court and presented to the probationer in writing. Their purpose and scope and the possible

consequence of any violations should be explained to him by the sentencing court or at an early conference with a probation officer."

Where the statute is clearly followed and the clerk is able to testify as to delivery, no problems are presented. McShan v. State, 458 S.W.2d 78 (Tex.Cr.App.1970).

It is the failure to comply with the statute, for whatever reason, that presents problems. In Smith v. State, 422 S.W.2d 440 (Tex.Cr.App.1968), no copy of the conditions was furnished the probationer. At the revocation hearing, he testified the court had explained to him the conditions involved in the revocation and that he understood them. Since at least the primary purpose of the statute was shown to have been served by other means, the judgment was affirmed. In Cox v. State, 445 S.W. 2d 200 (Tex.Cr.App.1969), the concurring opinion noted that the record did not reflect a compliance with the statute, but testimony from a probation officer that he delivered a copy of the conditions to the probationer and the probationer's own testimony that his failure to contact his probation officer for over five years was all his mistake brought the case within the reaches of the *Smith* decision, supra.

In the instant case, the appellant was placed on probation on April 1, 1970. The judgment entered contained the conditions of probation including the one which served as the basis of the subsequent revocation. This judgment, however, was not filed and recorded until April 9, 1970, and nothing reflects that the clerk delivered a copy of the conditions to the appellant or noted the same on the docket of the court.

When the question was raised at the revocation hearing, the trial court inquired

1. In Cox v. State, Tex.Cr.App., 445 S.W. 2d 200, 203 (concurring opinion), it was observed that trial judges and court clerks were admonished to follow the legislative mandate set in Article 42.12, § 6, supra. Said opinion added, " . . . While not required by statute the probationer's written acknowledgement of a receipt of a copy of the conditions of probation noted on the original order or separate instrument and filed among the papers of the cause can avoid many subsequent problems and legal questions. The same would be true when conditions of probation are altered or modified."

whether the appellant was denying that he had received a copy of the conditions. His counsel replied that appellant did not plan to testify and urged only that the clerk had failed to note the delivery on the "docket sheet," apparently confusing the docket of the court (Article 37.07, Vernon's Ann. C.C.P.) with the trial judge's "docket sheet."

The clerk was not called as in McShan v. State, supra, nor were the docket or the minutes of the court introduced. The probation officer did not testify as in Cox v. State, supra, nor was the court reporter or appellant's trial counsel or anyone else present at the time of the granting of probation summoned as witnesses. The trial judge, who had also granted probation, did not testify or state that he had in fact explained the conditions to the appellant. He apparently assumed that the only question related to the failure of the clerk to perform a ministerial duty.

District Judge George Hansard, who was County Attorney at the time probation was granted, testified a letter was mailed to the appellant by his office seven days after probation was granted, but the contents of the letter were not proved or inquired about.

In the preparation of the appellate record, no effort was made to incorporate the transcription of the court reporter's notes from the proceedings at which appellant pled guilty and received probation.

Since the receipt of the original record, this court has received a certified copy of the transcription of the court reporter's notes reflecting that the trial court carefully explained the conditions of probation to the appellant at the time he was placed on probation including the one which forms the basis of this revocation. The majority refuses to consider the same since it was not a part of the original record received nor approved by the trial judge. I do not deem a discussion of this court's statutory authority or inherent power to obtain other portions of the record not originally forwarded to us absolutely necessary.

Appellant's contention on appeal, as I understand it, is not that he did not receive a copy of the conditions of probation and was unaware how to conform his conduct, which is the primary purpose of the statutory requirement, but that the clerk failed to perform a ministerial duty by not noting the delivery of such conditions and the date thereof on the docket of the court. This secondary purpose of the statute was to prevent future disputes as to whether the probationer knew what conditions had been imposed upon him. Appellant urges that his revocation be set aside since the secondary purpose of the statute was not served. In support of his contention, he neither called the clerk nor introduced the docket of the court kept by the clerk. There is, thus, no showing of a failure to comply with the statutory duty. He did introduce the "docket sheet" in the judge's own handwriting which did not reflect, as supposedly it could, the fact that the trial court had informed the appellant of the probationary conditions when he was placed on probation and that he had been served with a copy of the same. The "docket sheet" usually kept by the trial judge, and the "docket of the court" prepared by the clerk and referred to in the statute are, however, separate and distinct entities.[2]

2. Article 33.07, Vernon's Ann.C.C.P., provides:
"*Each clerk* of a court of record having criminal jurisdiction *shall keep a docket* in which shall be set down the style and file number of each criminal action, the nature of the offense, the names of counsel, *the proceedings had therein*, and the date of each proceeding." (emphasis supplied). See 56 Tex.Juris. Trial, § 6, pp. 327–328; 15 Tex.Jur.2d, Courts, § 110, p. 560. *Cf.* Rules 25 and 26, Texas Rules of Civil Procedure, relating to clerk's file docket and clerk's court docket. As to minutes of the court, see generally 15 Tex.Jur.2d, Courts, § 111, p. 562.

It is obvious that the docket mentioned in Article 33.07, supra, is the one to which reference is made in Article 42.12, § 6, supra, and which is usually kept in

For the failure to show that ministerial duty of an entry on the clerk's court docket was not performed and that he was harmed thereby, I would affirm and for that reason concur in the result reached.

I dissent, and do so vigorously, to the action of the majority in reaching out and holding, entirely unnecessarily in this case, that every defendant placed on probation is presumed without more to know that one of his conditions is that he violate no penal law, and that where such is the basis of his subsequent revocation, the legislative mandate as to a service of a copy of the conditions and the delivery noted on the docket of the court can be entirely ignored by the trial courts of this state for the same will not constitute an abuse of discretion in the eyes of this court.

Admittedly, most trial courts impose a "no violation of any penal law" condition on a probationer and it is recommended. However, whether the trial judge grants the probation or does so upon the recommendation of the jury, which is mandatory, he is not required by statute to impose in every case such a condition of probation. See Article 42.12, § 6, Vernon's Ann.C.C.P. Where such a condition is not mandatorily required in every case, it seems somewhat illogical to presume that every defendant knows, when placed on probation, without more, that this is an absolute condition of probation while recognizing that this presumption cannot be extended to other conditions of probation. To carry this presumption to its logical conclusion would mean that if the "no violation of any penal law" condition was the sole probationary condition imposed then the statutory requirements and legislative mandate that a probationer be served with a copy of his

conditions could be entirely bypassed by judicial fiat. For these reasons, I dissent to the majority opinion. For reasons earlier stated, I concur in the result reached.

ROBERTS, J., joins in this opinion.

---

a well bound book. *Cf.* Rule 26, Texas Rules of Civil Procedure.

For years many trial judges have followed a practice of keeping their own notes on a judge's docket sometimes referred to as "docket sheet." These notations usually kept on separate sheets of paper are not a substitute for the official records of the court. See 15 Tex. Jur.2d Courts, § 111, p. 563. There is no statutory requirement they be kept, though the practice is recommended. The only possible reference in the statutes that this writer has been able to find is Article 44.08(d), Vernon's Ann.C.C.P. (Notice of Appeal), which refers to "any docket entry by the court."