James Melvin **FLEMING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47921.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 9, 1974.

Ben Grant, Marshall, for appellant.

Bill Warren, Dist. Atty., Center, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is arson; the punishment, eight (8) years, probated.

This is an appeal from an order revoking probation.

Ground of error number one alleges that the trial court abused its discre-

tion because there was no evidence introduced at the hearing as to the terms of probation. While concededly it is better practice to introduce both the judgment granting probation and the motion to revoke, this Court has held that where the hearing is before the same court and judge who granted probation originally and set the terms thereof, that the court under such circumstances might take judicial knowledge of the conditions of probation which have been imposed. Horman v. State, Tex. Cr.App., 423 S.W.2d 317.

Reliance is had upon Smith v. State, Tex.Cr.App., 422 S.W.2d 440, and Wicker v. State, Tex.Cr.App., 378 S.W.2d 332. *Smith* was affirmed on the grounds that probationer while testifying admitted that the court had explained to him the conditions of his probation at the time he was granted probation.

█ In this case, the State introduced without objection appellant's monthly probation report signed by him which followed his arrest for speeding and driving while intoxicated. In this report, the following typewritten question appears: "If ·you have violated any of the conditions of your probation, indicate same here." Appellant gave a handwritten answer as follows: "Yes speeding and DWI".

*Wicker* was reversed because one of the terms of probation was that probationer not commit a violation of the law while the court, which revoked probation, only found that probationer had *"been charged"* with such a violation. In this case, the first condition of probation, which though not introduced in evidence at the hearing is made a part of this record on appeal, was that probationer "commit no offense——". The judgment revoking probation found that probationer "unlawfully drove and operated a motor vehicle over and upon a public road while under the influence of intoxicating liquor".

█ Appellant next contends that "the burden of proof was improperly placed upon appellant". This contention is predicated upon the language of the order of the court requiring him to appear for the hearing which recited in part: "THESE ARE, THEREFORE, to require you to appear at the time and place as above stated, and answer said order *showing cause if you can, why the same should not be granted"*. At the ·hearing the State called as the first witness Highway Patrolman Warren who testified that while on patrol he observed an automobile being driven at 90 mph in a 65 mph zone, gave chase and determined that appellant who was the driver was under the influence of intoxicating liquor and that he filed a charge of speeding and DWI against him.

Thus, regardless of the phraseology of the order, the State assumed the burden of proving a violation of the terms of probation and no error is reflected.

█ Next, appellant contends that the motion to revoke was legally defective because it recited "and this Court suspended the execution of sentence and placed the said Defendant on probation", whereas it should have stated that the "Court suspended the imposition of the sentence . . .".

While appellant's pretrial objections to the motion to revoke were made, none were leveled at the discrepancy herein pointed out.

This Court has recently held in Willey v. State, 501 S.W.2d 84, that where the allegation in the motions to revoke give fair notice and allege a violation of the law the motion need not be as precise as an indictment.

Finding no reversible error, the judgment is affirmed.