Martin Oscar FRANKLIN

v.

The STATE of Texas.

No. A14–81–271–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.

Will Gray, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

In February of 1978 Appellant was convicted of auto theft and his ten year sentence was probated. On June 12, 1978, Appellant's probation was revoked for violating the terms and conditions of probation [1] by committing the offense of auto theft. Appellant appealed the revocation of probation; the Court of Criminal Appeals affirmed; and the trial court ordered sentence to begin September 4, 1979, giving Appellant credit for 239 days he had already spent in jail. On January 10, 1980, the trial court again suspended execution of sentence and placed Appellant on ten years probation. On July 11, 1980, the court revoked Appellant's probation for committing the offense of attempted capital murder and for failing to pay his supervisory fee. This is an appeal from the second revocation of probation, which was based in part on the State's allegation that Appellant unlawfully with intent to commit capital murder attempted to cause the death of M. E. Harris, a peace officer in the lawful discharge of an official duty, by attempting to run over Harris with a motor vehicle, knowing at the time that Harris was a peace officer. The charge asserted against Appellant arose out of the following incident: Harris, a Harris County Constable in full uniform, was working off-duty providing security at the Chateaux Dijon Apartments in Houston, Texas. About 4 p. m. Harris saw a man carrying a 12 to 18 inch pipe leave the patio of an apartment which Harris knew to be occupied by two elderly persons. Harris also knew that the man was not a resident of the apartment complex. Harris followed the man a short distance and saw him meet two other men at the street. Harris circled through the complex and returned to see the men sitting in two automobiles with engines running. Seeking to stop and question the men, Harris gestured to them and approached the car which Appellant was driving. Although there were no cars in front of Appellant's car which would have prevented him from driving straight ahead, Appellant turned the wheels of the car in Harris' direction, accelerated, and struck Harris, causing him to fall to the ground. Appellant then sped away, and the passenger in the other car fled on foot. Harris arrested the driver of the second car; the passenger of that car and Appellant were arrested later.

We understand Appellant to claim (1) he was denied due process by the trial court's revoking his probation for violation of a condition of probation which was ambiguous or which had been waived and (2) the trial court abused its discretion in revoking his probation because the evidence is insufficient to prove that he committed the offense of attempted capital murder.

In his first ground of error, Appellant protests that it was a denial of due process for the trial court to revoke probation for failure to pay supervisory fees because, al-

---

1. The conditions of probation contained in both the 1978 and 1980 judgments included requirements that Appellant commit no offense against the laws of this or any other state or of the United States, and that he pay to Harris County a supervisory fee of $15 a month.

though the conditions of probation form delivered to and signed by Appellant on February 9, 1978, waived payment of a supervisory fee "as long as the probationer is attending school," the February 9, 1978, judgment suspending sentence and granting probation requires payment of a supervision fee of $15 per month beginning one month on release from Harris County jail, and the conditions of probation contained in the January 10, 1980, order suspending sentence and granting probation require payment of a supervision fee of $15 per month beginning February 10, 1980. Appellant contends that the trial court erred in revoking his probation for failure to pay the supervisory fee because the waiver provision contained in the written conditions delivered to him by the probation officer was not included in the court's judgment of the same date or in the January 10, 1980 judgment.

When a trial court grants probation, the court and the probationer have a contractual relationship, and the conditions of probation should be clearly set forth in the court's judgments and orders so that the probationer and the authorities know the conditions with certainty. *McDonald v. State*, 442 S.W.2d 386 (Tex.Cr.App.1969). In support of his position, Appellant relies on *McDonald* and *Campbell v. State*, 420 S.W.2d 715 (Tex.Cr.App.1967), in which the Court of Criminal Appeals found an abuse of discretion in revoking probation for violation of an ambiguous condition of probation. However, the instant case differs from *McDonald* and *Campbell*. The *Campbell* court noted that requiring the probationer to "report any change of address within 24 hours" was unclear because it did not specify to whom the probationer should make such a report. In finding that the trial court had abused its discretion, the *Campbell* court went on to say that the evidence did not show that the probationer had in fact changed his address. Similarly, in *McDonald* the Court of Criminal Appeals found an abuse of discretion in revoking probation where the probationer was *not* shown to have violated any condition of probation imposed by the court but had merely breached a condition imposed by the

probation officer pursuant to an unauthorized delegation of authority by the trial court. 420 S.W.2d at 387. It is true in the present case that the waiver provision was not included in either judgment, but that provision is not in conflict with the conditions set forth in the judgments, and the record does not reflect that Appellant or the authorities entertained uncertainty or confusion over the terms and conditions of probation. Furthermore, there is no indication in the record that Appellant claimed to have been enrolled in school and that the fee was therefore waived. To the contrary, the record reveals that Appellant had *not* been admitted to the skilled training course for which he had applied. The record also reveals that Appellant had in fact violated a condition of probation imposed by the court: Probation Officer Larry Thomas testified that Appellant was $60 delinquent in the payment of supervisory fees at the time the motion to revoke was filed and continued to be delinquent at the time of the hearing. In our opinion the trial court did not abuse its discretion or deprive Appellant of due process by revoking Appellant's probation due to his failure to pay the required supervisory fee.

In his second ground of error Appellant attacks the sufficiency of the evidence. Appellant first argues that the State failed to prove one of the essential elements of the offense as required by Tex. Penal Code Ann. § 19.03(a)(1) (Vernon 1974), i.e., that the peace officer was acting in the lawful discharge of an official duty, because Harris had no authority to detain or arrest Appellant for the suspected offense of trespassing and that, therefore, Harris was not acting in the lawful discharge of an official duty in attempting to do so. In *Gonzalez v. State*, 574 S.W.2d 135 (Tex.Cr.App.1978), the Court of Criminal Appeals rejected a similar argument in an appeal from a conviction under section 22.02 of the Texas Penal Code for aggravated assault on a peace officer, reasoning that because Tex.Penal Code Ann. § 38.03 (Vernon 1974) now provides that a person may not lawfully resist an unlawful arrest, a peace officer is in the lawful discharge of his duty whether he is making a lawful or

unlawful arrest. The same reasoning would apply to an offense under § 19.03. We therefore reject Appellant's argument in that context. Appellant also contends that there is a complete lack of evidence to support the conclusion that Appellant drove his automobile into Harris with the intent to commit the offense of capital murder. Our review in a revocation proceeding is limited to the issue of whether the court below abused its discretion. *Barnett v. State*, 615 S.W.2d 220 (Tex.Cr.App.1981). The standard of proof in such a proceeding is a preponderance of the evidence. *Id.* Tex.Penal Code Ann. § 6.03(a) (Vernon 1974) provides that "[a] person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." We have reviewed the record in a light favorable to the verdict; in our opinion there is sufficient evidence, including the eyewitness account of the maintenance man at the Chateaux Dijon Apartments, to justify a rational trier of fact in concluding that the State met its burden of proving each essential element of the offense of attempted capital murder by a preponderance of the evidence.

We conclude that the trial court did not abuse its discretion in revoking Appellant's probation, and we affirm the judgment of the trial court.