**W.L. TILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 768–82.

Court of Criminal Appeals of Texas,
en banc.

Feb. 23, 1983.

William R. Pemberton, Crockett, for appellant.

Melvin D. Whitaker, Dist. Atty., Palestine, Robert Huttash, State's Attorney and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

This case involves a revocation of probation. The Court of Appeals reversed the trial court after finding that appellant had not yet been placed on probation at the time of the alleged violations for which the trial court entered its revocation order. The State contends the Court of Appeals erred in finding appellant was not on probation at the time in question.

The docket sheet reflects appellant entered a guilty plea, was found guilty by the court, and was placed on probation on June 30. The record contains an order granting probation signed and entered on June 30. The record also contains a judgment dated June 30 but reflecting it was signed and entered on November 25. The alleged violations for which probation was revoked occurred between June 30 and November 25.

The Court of Appeals found that the November 25 judgment was not a nunc pro tunc entry and was in fact the only judgment in the case and the instrument placing appellant on probation. The record, however, shows that appellant as a matter of fact was placed on probation on June 30. The probation officer testified:

"Q. Did you attend and were present in this court on June 30th, 1980?

"A. I did.

"Q. Do you know W.L. Tillis?

"A. I do.

"Q. The W.L. Tillis that you know, was he present in court that day?

"A. Yes, sir.

"Q. And was in response to a plea on his part before the Court of guilty to a charge against him in this same cause did he—

"MR. WHITAKER: Strike that.

"Q. (By Mr. Whitaker): Was he placed on probation by the Court?

"A. He was on that day.

"Q. Were you present in the courtroom when he was placed on probation?

"A. Yes, sir.

"Q. Did the Court in your presence and in the presence of W.L. Tillis explain to him the terms of his probation?

"A. Yes, sir.

"Q. After the hearing in court did you have a conference with W.L. Tillis?

"A. In my office, yes, sir.

"Q. Did you explain again to him the terms of his probation?

"A. I went over each and every term of probation with him.

"Q. Did you provide for him a written, a written copy of the order granting probation containing each and every one of the terms of probation—terms and conditions of probation as given to him by the Court in open court?

"A. Yes, sir, he was furnished a copy.

"Q. All right. I show you from the original papers an order granting probation recorded in Volume 15 at Page 187 of the Minutes of this Court and ask you whether or not—whether a copy of that exact same order was given to the Defendant W.L. Tillis?

"A. He was given a copy of this order.

"A. All right. Now, down at the bottom it purports to bear a signature of a W.L. Tillis, Jr. Is that the person who was placed on probation?

"A. Yes, sir, I was present when he signed this and received a copy.

"Q. All right. Did you deliver a copy of this to him yourself?

"A. Yes, sir, he received a copy."

It appears appellant accepted the benefit of release on probation and began earning time for discharge of that term.

In *Brown v. State*, 508 S.W.2d 366, the Court said:

"The exercise of improperly delegated authority by a probation officer cannot make the delegation effective, although on different facts, where parties over a period of time have accepted such a delegation of authority as shown by the course of conduct between them, a probationer may be estopped from objecting to being held to the duty assumed."

See also *Parsons v. State*, 513 S.W.2d 554; *Smith v. State*, 527 S.W.2d 896.

Although in this case no history of compliance with the conditions of probation is shown (appellant failed to report and failed to make monthly payments from the beginning through November), this case likewise does not concern an improper delegation of authority. All conditions of probation were proper. The conditions were explained to appellant on June 30, he received a copy of those conditions, and he signed them. Included was the condition: "Report to the Houston County Probation Officer *immediately* and between the 1st and 10th days of *each month hereafter.*" (Emphasis added.) This is one of the grounds under which probation was revoked. Having accepted those conditions appellant is estopped from asserting that he was not on probation from June 30 forward, and we so hold. It is unnecessary to decide whether the November 25 instrument was the original judgment or a judgment nunc pro tunc.

The judgment of the Court of Appeals is reversed and the cause is remanded to that Court for consideration of the other issues raised on appeal.

TEAGUE, J., concurs in the result.

ONION, P.J., not participating.

CLINTON, Judge, concurring.

Because I cannot agree with the theory of estoppel applied by the plurality and since another approach seems more in keeping with the statutes, I must respectfully differ.

Section 3 of Article 42.12, V.A.C.C.P., has provided since its enactment as part of our present code of criminal procedure, in pertinent part:

"The judges of the courts of the State ... shall have the power after conviction *or a plea of guilty* ... to suspend the imposition of the sentence and may place the defendant on probation..."[1]

1. All emphasis is added by the writer of this    opinion unless otherwise indicated.

It has always been so: See former Article 781b,[2] C.C.P. 1925 and Article 781d,[3] *ibid.* In terms, then, the probation law has never required a trial judge to enter a judgment of conviction in order effectively to grant probation.[4]

Under the 1947 statute the Court observed that whenever a judge of the trial court utilizes the Adult Probation and Parole Law "it is incumbent upon him to incorporate in his *order* or judgment the conditions upon which the accused is [probated] so that the accused and the authorities may know, with certainty, what those conditions are," *Ex parte Pittman,* 157 Tex. Cr.R. 301, 248 S.W.2d 159, 165 (1952). In *Walls v. State,* 161 Tex.Cr.R. 1, 273 S.W.2d 875 (1955), the Court found that the probation law "makes no mandatory provision that the conditions upon which probation is granted shall be entered in the minutes of the court," and concluded that prescribed conditions noted by the judge on "Court's Working Pad" kept in the office of the clerk of the court "meets the requirements set forth in the *Pittman* case," *id.,* 273 S.W.2d, at 876. Since the 1957 enactment contained substantially the same provisions for granting and revoking probation, it "in effect adopted the construction placed upon the prior statute by the decisions of this Court," *Stratmon v. State,* 169 Tex.Cr.R. 188, 333 S.W.2d 135, 138 (1960).

Not until the 1981 amendments to the code of criminal procedure did Article 42.01, V.A.C.C.P., expressly specify that in the event "probated punishment is assessed" a judgment must particularize that imposition of sentence is suspended and the accused is placed on probation, "setting forth the punishment assessed, the length of probation, and the probationary terms and con-

ditions." See Acts 1981, 67th Leg., ch. 291, p. 809, § 111, effective September 1, 1981. Indeed, in *Woods v. State,* 532 S.W.2d 608 (Tex.Cr.App.1976), "squarely faced with the question of when was punishment assessed" —whether it is when "the judge *announces* a term of years . . . or when he *informs* the defendant that the term announced must be served in [confinement] or under the supervision of a probation officer"—the Court gave the impression that it was the latter for purposes of filing motions for new trial or notice of appeal; however it promptly corrected that reading in *Eastwood v. State,* 538 S.W.2d 107, 108 (Tex.Cr.App. 1976), adding that "the judgment is the instrument which *should* indicate the granting of probation," *id.,* at 108. But all of that, as well as what was said in *Savant v. State,* 535 S.W.2d 190 (Tex.Cr.App.1976), is in relation to marking the beginning of time in which to seek a new trial or appeal. See also *Pittman v. State,* 546 S.W.2d 623, 624 (Tex.Cr.App.1977).

It does not necessarily follow that an orally pronounced period of probation begins only when that declaration is reduced to a written judgment and entered in the minutes of the court. As with past decisions of the Court, so here, it occurs to me that a written order reciting, *inter alia,* that an accused "having been adjudged guilty" of the offense to which he plead guilty, is granted probation on specified terms and conditions will suffice to establish that he is then and there on probation.

So far as a written judgment is concerned, neither Article 42.01 nor any other provision of the code of criminal procedure has imposed a specified time by which one must be reduced to writing and entered.[5]

---

2. Section 1, Acts 1947, 50th Leg., ch. 452, p. 1049, 1050.

3. Section 3, Acts 1957, 55th Leg., ch. 226, p. 466, 467.

4. Similarly, § 7 authorizes the court to "set aside the verdict or permit the defendant to *withdraw his plea*" after the accused "has been convicted or has *entered a plea of guilty* . . . and the court has discharged the defendant

hereunder." So did § 4 of the old Article 781b and § 7 of former Article 781d, both supra.

5. Indeed, § 2 of Article 42.01 allows the judge to direct the clerk of the court or other participants "to prepare the judgment," should the judge desire not to do that. Surely, there being no time limit for doing so, such an allowance contemplates no more than that preparing a judgment and thereafter entering it of record will follow in due course.

Indeed, Article 42.06, V.A.C.C.P., anticipates "a failure from any cause whatever to enter judgment" and authorizes entry of judgment "at any subsequent time" unless certain judicial acts not germane to our problem here have been taken in the interim. Therefore, I would regard the judgment dated June 30, 1980, but not entered until November 25, 1980, as the judgment in the cause before the trial court, but find that by reason of the written order placing appellant on probation he was in a probationary status beginning June 30.

For these reasons I concur in the judgment of the Court.

TOM G. DAVIS and MILLER, JJ., join.