**W.L. TILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0007–CR.**

Court of Appeals of Texas, Tyler.

May 26, 1983.

William R. Pemberton, Sallas, Meriwether & Pemberton, Crockett, for appellant.

Melvin D. Whitaker, Dist. Atty., Palestine, for appellee.

McKAY, Justice.

This court delivered an opinion in this case on July 15, 1982, reversing the judgment of the trial court on the ground that no judgment had been rendered in the case before placing appellant on probation. The Court of Criminal Appeals reversed our decision and held that because all conditions of probation were proper, and that the conditions were explained to appellant, and that he received a copy of those conditions and signed them, he, appellant, having accepted those conditions, is estopped from asserting that he was not on probation from June 30 (date of trial) forward. That court also held that it was unnecessary to decide whether the November 25 instrument was the original judgment or a judgment nunc pro tunc. 647 S.W.2d 268 (Tex.Cr.App. 1983). The cause was remanded to this court for consideration of the other issues raised on appeal.

Appellant's first and second grounds of error were disposed of by the Court of Criminal Appeals. His third ground of error complains that the trial court erred, abusing its discretion, in revoking appellant's probation because appellant was not granted a hearing on the Motion to Revoke Probation until more than twenty days after he filed a motion requesting a hearing.

The State's motion to revoke probation was filed on December 2, 1980; it was served on appellant on December 30, 1980; and the same day he was placed in jail. Appellant filed his Affidavit of Indigency on January 8, 1981, and on the same date counsel was appointed for him. On February 6, 1981, appellant filed his Demand for a Speedy Trial on the State's motion to revoke probation.

The hearing was set for February 25, 1981. A written motion for continuance filed by the State on February 25, 1981, on the ground that the District Attorney was ill, was granted by the court on the same day. The court heard the motion to revoke on March 5, 1981, then signed a written order on that date revoking appellant's probation and reducing his punishment from ten years to seven years; he was sentenced accordingly.

We hold appellant's third ground of error is without merit. Article 42.12, Sec. 8(a), V.A.C.C.P., reads in part as follows:

... If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation. The court may continue the hearing for good cause shown by either the defendant or the state.

The twenty-day period set out in Section 8(a) begins with the filing of a defendant's motion for hearing on the motion to revoke. When such a motion is filed the trial court shall conduct a hearing within 20 days of the date of the motion or release the defendant. If the trial court fails to comply with the statutory requirements "the defendant may attack the legality of his confinement by means of the writ of habeas corpus." *Aguilar v. State,* 621 S.W.2d 781, 786 (Tex.Cr.App.1981).

However the defendant may not await the revocation of his probation and then present a violation of the twenty-day requirement of Section 8(a) as a ground of error on appeal. Such a violation is not "error" which taints the trial court's decision to revoke the probation and therefore mandates a reversal of the judgment. A violation of Section 8(a) merely amounts to unlawful prehearing confinement. Once the defendant's probation has been revoked he cannot be protected against such confinement. Thus we conclude that *relief must be obtained, if at all, prior to the revocation of the defendant's probation. Aguilar v. State, supra.* (Emphasis added.)

*Aguilar* is cited and followed by *Roberts v. State,* 627 S.W.2d 183, 184–5 (Tex.Cr. App.1982), and by *Coleman v. State,* 632 S.W.2d 616, 618 (Tex.Cr.App.1982). Appellant here attempts to appeal on the ground his motion was not heard within 20 days after his probation had been revoked. This he may not do under the authorities cited. His remedy was by habeas corpus after the 20-day period had run *and before revocation of his probation.*

The order revoking appellant's probation is affirmed.