In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00150-CR


______________________________




THOMAS DURAND ELLIOTT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 07-0474X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 While serving a 180-day sentence in the Harrison County jail, Thomas Durand Elliott wrote
a long letter to his ex-wife, Jolene Elliott. He was serving that sentence as a condition of his
community supervision received after pleading guilty to one count of tampering with a witness and
no contest to a count of retaliation, charges involving a victim named Steve Adams. (1) Elliott's
community supervision involved three conditions relevant here: he was to serve 180 days in the
Harrison County jail; to "[a]void any contact, direct or indirect, in person or by phone or in writing
with the victim"; and to have "NO CONTACT WITH JOLENE ELLIOTT . . . EXCEPT FOR
CHILD VISITATION."

 The trial court revoked Elliott's community supervision after finding that Elliott had violated
two terms of his community supervision: the condition prohibiting contact with the victim of the
offense and the condition prohibiting contact with Jolene Elliott except for child visitation. Elliott
appeals and attacks the trial court's findings of violations of both conditions.

 Our review of an order revoking community supervision is limited to determining whether
the trial court abused its discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In determining questions regarding
sufficiency of the evidence in community supervision revocation cases, the State must prove, by a
preponderance of the evidence, that the defendant violated a condition of his or her community
supervision. Rickels, 202 S.W.3d at 763. A preponderance of the evidence exists when the greater
weight of the credible evidence creates a reasonable belief that the defendant has violated a condition
of community supervision. Id. at 764; Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App.
1974).

 We affirm the revocation because--although (1) no evidence shows that Elliott contacted the
victim of the underlying offenses--(2) sufficient evidence shows that Elliott contacted Jolene Elliott
in violation of the conditions of his community supervision.

(1) No Evidence Shows that Elliott Contacted the Victim of the Underlying Offenses

 Elliott contends the trial court abused its discretion by revoking his community supervision
based on a violation of condition number 16, which prohibited contact "with the victim of the
offense." As mentioned above, the victim was Steve Adams, not Jolene Elliott. The State
acknowledges the truth of Elliott's claim on this point. Since there is no evidence to support this
ground for revocation, that finding of the trial court cannot survive appellate review.

 That does not end our review, however. The violation of a single condition of community
supervision is sufficient to support a trial court's decision to revoke. Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. 1980). 

(2) Sufficient Evidence Shows that Elliott Contacted Jolene Elliott in Violation of the Conditions
of His Community Supervision


 Elliott initially argues that condition 23 was so broadly drawn as to cause the trial court to
abuse its discretion by finding that condition was violated. Community supervision is a contractual
relationship between the trial court and the offender. Because the violation of the contract could
result in the loss of the probationer's freedom, the conditions of supervision should be clear, explicit,
and unambiguous so that the probationer knows what is expected and the authorities may know with
certainty the parameters of that probationer's proscribed and permitted activities. McArthur v. State,
1 S.W.3d 323, 335 (Tex. App.--Fort Worth 1999, pet. ref'd); Simpson v. State, 772 S.W.2d 276, 278
(Tex. App--Amarillo 1989, no pet.); Johnson v. State, 672 S.W.2d 621, 623 (Tex. App.--Corpus
Christi 1984, no pet.); Franklin v. State, 632 S.W.2d 839, 841 (Tex. App.--Houston [14th Dist.]
1982, no pet.). Due process requires that specificity and adequate notice of the conditions of
community supervision be provided to a defendant. Eddie v. State, 100 S.W.3d 437, 440 (Tex.
App.--Texarkana 2003, pet. ref'd); McArthur, 1 S.W.3d at 335; Simpson, 772 S.W.2d at 278.

 Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that, to support a complaint
for appellate review, the record must show (1) the complaint was presented by timely request,
objection, or motion and was sufficiently specific to make the trial court aware of the complaint, and
(2) the trial court either ruled or refused to rule, and the appellant objected to the refusal. Tex. R.
App. P. 33.1(a). An objection is required to inform the trial court of the basis of the objection and
afford the court the opportunity to rule. Purtell v. State, 761 S.W.2d 360, 365 (Tex. Crim. App.
1988). Even constitutional error may be waived. Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim.
App. 2000).

 Elliott has not shown he alerted the trial court by complaining at any point in the proceedings
that he was not aware of the conditions of his community supervision or that they were so vague as
to not be understandable. Indeed, counsel stated that the "only issue before the Court is whether this
letter constitutes child visitation." The claim of error has not been preserved for review. 

 Even if the claim had been preserved, we would find it to be without merit. Elliott suggests
that the broad statement prohibiting contact with Jolene Elliott, except for child visitation, did not
adequately tell him what he was restricted from doing. We disagree. "No contact" means "no
contact." "Except for child visitation" restricts any contact between them to the subject of child
visitation. The correct question, as recognized by counsel and the trial court, is whether Elliott's
letter to Jolene Elliott goes beyond that boundary. The trial court was within its discretion in finding
that it does.

 The letter to Jolene Elliott is a fifteen-page discourse about Jolene's lifestyle, her alleged
sexual activity, and her alleged parenting flaws. It contains threats to litigate custody.

 The letter does mention the child and visitation. That is not enough to insulate it from
review. The trial court concluded that, although the letter made passing mention of visitation, it was
not a letter concerning visitation. The trial court did not abuse its discretion by revoking Elliott's
community supervision, as the State proved a violation of a condition of community supervision by
a preponderance of the evidence.



 We affirm the judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 6, 2008

Date Decided: December 5, 2008


Do Not Publish 
1. Elliott's community supervision was granted in lieu of sentences of two years' confinement
for the tampering charge and a term of ten years for the retaliation.