**The STATE of Texas, Appellant,**

v.

**Ricardo Francisco ACOSTA, Appellee.**

**No. 10–97–001–CR.**

Court of Appeals of Texas,
Waco.

July 23, 1997.

James Kuboviak, County Attorney, Bradford F. Clark, Asst. County Attorney, Bryan, for appellant.

Jim W. James, Bryan, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

PER CURIAM.

The State charged Appellee Ricardo Francisco Acosta by information with the misdemeanor offense of driving while intoxicated. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1575 (former TEX.REV.CIV. STAT. ANN. art. 6701*l*–1(b)), *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704. Acosta filed a motion to suppress a videotape which recorded the manner in which he performed sobriety tests at the Brazos County Jail. At a pretrial hearing, the court granted the motion in part and suppressed the audio portion of the videotape in which Acosta attempted to count backwards from thirty to one.

The State brings this interlocutory appeal from the court's suppression ruling under article 44.01(a)(5) of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1997). By a single point of error, the State contends that the

court erred in granting Acosta's motion to suppress.

Article 44.01(d) provides in pertinent part that the State must file a notice of appeal from an order suppressing evidence within fifteen days "after the date on which the order ... is entered by the court." *Id.* art. 44.01(d). Rule 41(b)(1) of the Rules of Appellate Procedure provides that the State must perfect its appeal by filing a notice of appeal within fifteen "days after the day ... an appealable order is signed by the trial judge." TEX.R.APP. P. 41(b)(1).

■ The Court of Criminal Appeals has held that an order is "entered" for purposes of article 44.01(d) when the trial court signs it. *State v. Rosenbaum,* 818 S.W.2d 398, 402 (Tex.Crim.App.1991). Thus, "the timetable for [the State's] notice of appeal begins on the day of the signing of the appealable order, *e.g.,* the order ... suppressing evidence...." *Rodarte v. State,* 860 S.W.2d 108, 110 (Tex.Crim.App.1993) (italicization added).

From these authorities we conclude that the trial court must sign a written order before the State can perfect an appeal pursuant to article 44.01. *Cf. State v. Carter,* 936 S.W.2d 408, 410–11 (Tex.App.—Beaumont 1996, no pet.) (court considered merits of State's appeal from suppression ruling not reduced to writing). The trial court has apparently not memorialized its ruling on Acosta's suppression motion by written order. Thus, the State's notice of appeal is premature. *See* TEX.R.APP. P. 41(c).

■ We also note that the court has apparently not prepared findings of fact. Acosta's motion claims among other things that he "*did not voluntarily consent to the*" sobriety testing. Section six of article 38.22 of the Code of Criminal Procedure requires the trial court to prepare findings of fact when it rules upon the voluntariness of the statement of an accused. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 1979). Section six applies to all cases "where a question is raised as to the voluntariness of a statement of an accused...." *Id.*

Because the record before us does not reflect an appealable order suppressing evidence or written findings of fact, we abate this cause for thirty days to allow the State to provide us with a supplemental transcript reflecting an appealable order and the written findings upon which that order is based. *See* TEX.R.APP. P. 58(b); *Wicker v. State,* 740 S.W.2d 779, 784 (Tex.Crim.App.1987).