The STATE of Texas, Appellant,

v.

Willard Mark SHAW, Appellee.

No. 05–98–00889–CR.

Court of Appeals of Texas,
Dallas.

Oct. 11, 1999.

Carl Haralson, Dallas, for Appellee.

Manuel Gonzales, McKinney, for State.

Before Chief Justice THOMAS and Justices KINKEADE and O'NEILL.

## OPINION

LINDA THOMAS, Chief Justice.

This State's appeal presents two issues: First, does article 44.01 of the Texas Code of Criminal Procedure require that the order from which the State is appealing be written? Second, does a docket sheet entry constitute a written order for purposes of article 44.01? We conclude that a written order is required and a docket sheet entry does not suffice as a written order.

Appellee Willard Mark Shaw was indicted for aggravated assault on a public servant. Appellee filed a special plea of double jeopardy, contending he was previously convicted of an offense arising out of the same criminal episode as the instant case. The trial court conducted a hearing and then asked the parties to brief the double jeopardy issue. Several months later, on May 20, 1998, the trial court conducted another hearing, after which the judge orally announced that he was granting appellee's special plea. The docket sheet contains a May 20, 1998 entry that states, "Ruling on double jeopardy motion—Motion granted—prosecution barred." The State appealed.

Because the appellate record did not contain a copy of the trial court's written order granting the special plea of double jeopardy, this Court directed the trial court clerk to supplement the record. The State responded that there is no written

order. Consequently, we directed the parties to brief the issue of our jurisdiction over the appeal absent a written order. The State did not respond; appellee filed a motion to dismiss the appeal and for attorney's fees.

■ Article 44.01 of the code of criminal procedure provides the State authority to appeal an order of a court in a criminal case if the order sustains a claim of former jeopardy. Tex.Code Crim. Proc. Ann. art. 44.01(a)(4) (Vernon Supp.1999). The appeal must be filed within fifteen days after the date on which the order, ruling, or sentence to be appealed is "entered by the court." Tex.Code Crim. Proc. Ann. art. 44.01(d) (Vernon Supp.1999); *see also* Tex. R.App. P. 26.2(b). Thus, the question before us is whether the language "entered by the court" contemplates a written order.

The court of criminal appeals has previously addressed the meaning of the phrase "entered by the court" contained in article 44.01(d). *See State v. Rosenbaum*, 818 S.W.2d 398 (Tex.Crim.App.1991). In *Rosenbaum*, the issue was whether the State's notice of appeal was timely. In resolving the question, the court analyzed a seeming conflict between article 44.01(d), which required the notice of appeal to be filed within fifteen days of the date the order is entered, and former Texas Rule of Appellate Procedure 41(b)(1), which required the State's notice to be filed within fifteen days of the date the judge signed the appealable order. Reading article 44.01 as a whole, the court interpreted the phrase "entered by the court" as encompassing the signing of an order by the trial judge. *Rosenbaum*, 818 S.W.2d at 402. Thus, the court concluded, articles 44.01(d) and former rule 41(b)(1) did not conflict,

and the time for filing the State's notice of appeal ran from the date the trial judge signed the appealable order. *Rosenbaum*, 818 S.W.2d at 402–03.

Since *Rosenbaum*, the language of the appellate rule governing notices of appeal has changed. The current version of former rule 41(b)(1) now tracks the language of article 44.01(d):

(b) *By the State.* The notice of appeal must be filed within 15 days after the day the trial court *enters the order*, ruling, or sentence to be appealed.

Tex.R.App. P. 26.2(b) (emphasis added). Nevertheless, we do not find this change significant to our decision, particularly in light of the fact that no substantive changes were intended by the amendments to this rule. *See* Tex.R.App. P. 26, notes and comments.[1] Moreover, the *Rosenbaum* court held that article 44.01(d) was triggered by the signing of the order. *Rosenbaum*, 818 S.W.2d at 402–03. The court subsequently reaffirmed that holding in *State ex rel. Sutton v. Bage*, 822 S.W.2d 55 (Tex.Crim.App.1992) (orig.proceeding), and *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim.App.1993). Accordingly, we conclude the nonsubstantive change to rule 26.2(b) to track the language of article 44.01(d) did not alter the previous interpretation of the statute in *Rosenbaum*.

We recognize that *Rosenbaum, Bage,* and *Rodarte* are not directly on point. However, it is clear from their holdings that article 44.01 contemplates a written order. Otherwise, there would be no need to calculate the State's timetable from the date the order was signed. Rather, the fifteen-day period would be calculated from the date the judge orally announced his ruling. It is, however, the written

1. In particular, the comments to rule 26 state: This is former Rule 41.... An extension of time is available for all appeals. The provisions of former Rule 41(c) regarding prematurely filed documents are moved to rule

27. Nonsubstantive changes are made in the rule for criminal cases.
Tex.R.App. P. 26, notes and comments (comment regarding civil appeals omitted).

order that memorializes the judge's intent to authenticate the action taken. *See Rosenbaum,* 818 S.W.2d at 402 (explaining that signing of order presumably represents judge's present intent to authenticate action taken). Thus, we hold that a State's appeal under article 44.01 must be from a written order signed by the trial judge.

Two other courts of appeals have reached the same conclusion. The Fort Worth Court of Appeals held that the trial court's oral announcement of its decision in open court was not final and appealable until the trial judge signed the written order. *State v. Kibler,* 874 S.W.2d 330, 332 (Tex.App.—Fort Worth 1994, no pet.) (citing *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex.1989) (orig. proceeding ) (per curiam)).[2] Likewise, the Waco Court of Appeals concluded the trial court must sign a written order before the State may appeal pursuant to article 44.01. *State v. Acosta,* 948 S.W.2d 555, 556 (Tex.App.—Waco 1997, no pet.) (per curiam).

 Having held that a written order is required for a State's appeal, we must next decide whether a docket sheet entry satisfies the requirement. A court may only act by orders duly recorded in its minutes. *Burns v. State,* 814 S.W.2d 768, 771 (Tex. App.—Houston [14 th Dist.] 1991) (citing *Walls v. State,* 161 Tex.Crim. 1, 273 S.W.2d 875, 876 (1954)), *rev'd on other grounds sub nom. Alvarez v. State,* 861 S.W.2d 878 (Tex.Crim.App.1993) (per curiam). The order must be reduced to writing, signed by the trial judge, and entered in the record. *In re Fuentes,* 960 S.W.2d 261, 264 (Tex.App.—Corpus Christi 1997, orig. proceeding) (citing *Utilities Pipeline Co. v. American Petrofina Mktg.,* 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ)).

 A docket sheet entry cannot stand as an order. *See Utilities Pipeline Co.,* 760 S.W.2d at 723; *Fuentes,* 960 S.W.2d at 264; *Pifer v. State,* 893 S.W.2d 109, 111 (Tex.App.—Houston [1 st Dist.] 1995, pet. ref'd); *see also Ferguson v. State,* 367 S.W.2d 695, 696 (Tex.Crim.App. 1963); *Walls,* 273 S.W.2d at 876; *Burns,* 814 S.W.2d at 771. Docket sheet entries are not part of the record because they are inherently unreliable, lacking the formality of orders and judgments. *See Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 & n. 2 (Tex. App.—Dallas 1986, no writ). Rather, a docket sheet entry is a memorandum made for the convenience of the trial court and clerk. *Energo Int'l Corp.,* 722 S.W.2d at 151. It has been the law in Texas that a docket sheet entry does not constitute a written order granting a motion for new trial. *See State v. Garza,* 931 S.W.2d 560, 562 (Tex.Crim.App.1996); *see also* TEX. R.APP. P. 21.8(b). Similarly, we now hold that a docket sheet entry does not constitute a written order for purposes of a State's appeal under article 44.01.

Because the docket sheet entry in the case before this Court does not satisfy the requirements of a written order, we conclude there is no written order in the record from which the State is appealing. Accordingly, we grant appellee's motion to dismiss the appeal. *See Nikrasch v. State,* 698 S.W.2d 443, 450 (Tex.App.—Dallas 1985, no pet.) (citing *Elliott v. State,* 412 S.W.2d 320 (Tex.Crim.App.1967)).[3] We deny his motion for attorney's fees.

We dismiss the appeal for want of jurisdiction.

---

**2.** *Kibler* addressed the issue of the timeliness of the State's notice of appeal. In *Kibler,* there was a notation at the bottom of appellee's motion to suppress that stated "granted," followed by the date, and what purported to be the judge's signature. The Fort Worth court held that this did not constitute the written order from which the State's fifteen days was calculated. We express no opinion on that particular holding.

**3.** We are aware that the Waco court abated the appeal so the record could be supplemented with the written order as well as the writ-

ten findings upon which the order was based. *Acosta*, 948 S.W.2d at 556. We are not inclined to do so in this case. The problem of the missing order was brought to the State's attention in September 1998. The State took no action to have the record supplemented with a written order. Rather, it did not even respond when we asked for briefs addressing our jurisdiction.