**In the Matter of D.C.**

No. 04–00–00181–CV.

Court of Appeals of Texas, San Antonio.

April 11, 2001.

Marsha Lynn Merrill, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice and SARAH B. DUNCAN, Justice.

**OPINION**

CATHERINE STONE, Justice

D.C. was found to have violated the conditions of his probation by the juvenile court. The court entered an order modifying disposition and committed him to the

Texas Youth Commission. D.C. appeals from the order of commitment. Because we hold the trial court was without authority to modify disposition after D.C. turned eighteen, we reverse the court's order.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea bargain, the juvenile court adjudicated D.C. for the delinquent conduct of auto theft. D.C. was placed on juvenile probation for twelve months beginning October 12, 1998. On September 24, 1999 the State filed a motion to modify disposition. The hearing to modify disposition was held on December 7, 1999, approximately one month after D.C. turned eighteen. At the hearing, it was proved that D.C. violated four conditions of his probation: (1) he failed to avoid the use of alcoholic beverages, dangerous drugs, and controlled substances; (2) he failed to report to his probation officer; (3) he failed to pay restitution; and (4) he failed to perform community service. The trial court ordered D.C. be committed to the Texas Youth Commission.

D.C. appeals the modification of his disposition in two points of error: he contends the juvenile court did not have authority to conduct this disposition hearing after he turned eighteen, and that the State failed to exercise due diligence in pursuing its motion to modify disposition before his eighteenth birthday. We hold the juvenile court's jurisdiction over D.C. was limited and did not include the authority to modify his disposition and commit him to the Texas Youth Commission.

JUVENILE COURT'S AUTHORITY

D.C. asserts in his first point of error that the juvenile court lacked authority to do anything other than dismiss this case because he turned eighteen prior to the hearing on the motion to modify disposition. D.C. relies on TEX.FAM.CODE ANN.

§ 54.05 (Vernon Supp.2000) and *In the Matter of N.J.A.*, 997 S.W.2d 554 (Tex. 1999). The applicable portion of section 54.05 states:

(a) Any disposition, except a commitment to the Texas Youth Commission, may be modified by the juvenile court as provided in this section until:

(1) the child reaches his 18th birthday; or

(2) the child is earlier discharged by the court or operation of law.

(b) Except for a commitment to the Texas Youth Commission, all dispositions automatically terminate when the child reaches his 18th birthday.

TEX.FAM.CODE ANN. § 54.05 (Vernon Supp. 2000). The case of *In the Matter of N.J.A.* addresses the question of jurisdiction over a child who was adjudicated after her eighteenth birthday. In the present case, D.C. was adjudicated prior to his eighteenth birthday, but the motion to modify was not heard until after he turned eighteen.

 All dispositions, with an exception for commitment to the Texas Youth Commission, terminate at age eighteen. *In the Matter of N.J .A.*, 997 S.W.2d at 555. Therefore, the juvenile court does not have authority to modify disposition after a child is eighteen years old. *See id.* However, section 54.02(j) of the Family Code does allow for a juvenile court's limited authority over a person who is eighteen or older. *See* TEX.FAM.CODE ANN. 54.02(j). This section enables the juvenile court to waive its exclusive, original jurisdiction and transfer a person who is eighteen or older if certain criteria are met. It states:

(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1) the person is 18 years of age or older;

(2) the person was:

(A) 14 years of age or older and under 17 years of age at the time he is alleged to have committed a capital felony, an aggravated controlled substance felony, or a felony of the first degree; or

(B) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX.FAM.CODE ANN. § 54.02(j). If the person is eighteen or older and section 54.02(j) criteria are not met, the juvenile court must dismiss the case. *In the Matter of N.J.A.*, 997 S.W.2d at 557.

A juvenile court does have authority to commit a child to the Texas Youth Commission for violations of probation that occurred prior to the expiration of the probationary term when the motion to modify is filed before the probationary term expires, and the hearing is conducted without undue delay. *See In re H.G.*, 993 S.W.2d 211, 213 n. 1 (Tex.App.—San Antonio 1999, no pet.); *In the Matter of R.G.*, 687 S.W.2d 774, 776–77 (Tex.App.—Amarillo 1985, no writ). Although both of these cases which are relied upon by the State, permitted modification of juvenile probation after the initial term of probation expired, neither of them involved juveniles who had reached the age of eighteen. The instant case is distinguishable. Although the motion to modify was filed prior to the expiration of the probationary term and D.C.'s eighteenth birthday, the hearing was not conducted until after D.C.'s eighteenth birthday. Under these circumstances, the juvenile court did not have the authority to modify the disposition. *See* TEX.FAM.CODE ANN. § 54.05 (Vernon Supp. 2000); *In the Matter of N.J.A.*, 997 S.W.2d at 557. We recognize that this interpretation presents a difficult "time crunch" for the State when dealing with a juvenile who is nearing eighteen; however, the statute's wording is clear, as is the supreme court's interpretation of the statute.

Because we sustain D.C.'s first point of error, we need not address his remaining point of error. We hold that the juvenile court had only limited jurisdiction over D.C. after his eighteenth birthday, and that jurisdiction did not include the authority to modify his disposition and commit him to the Texas Youth Commission. Therefore, we reverse the order of the juvenile court and remand the cause to the juvenile court for further proceedings consistent with this opinion.

RICKHOFF, Justice, concurring.

If this escape valve is not closed by the Legislature, rational delinquents intent on remaining unsupervised [1] will simply evade probation and warrant officers until they are eighteen years of age and defeat Texas Family Code Title III jurisdiction.

1. As a former district judge of a court with Title III preference, I must note that this could be a very limited class.