11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Matter of P.B.B., a juvenile

No. 11-04-00061-CV-- Appeal from Brown County 

 

P.B.B., a juvenile on probation, was accused of
marihuana possession.  Following a
hearing to modify the terms of his probation, the trial court committed
appellant to the Texas Youth Commission. 
We reverse and render.

On April 5, 2001, appellant was placed on juvenile
probation.  Appellant was to remain on
probation until April 4, 2002.  On June
14, 2001, the State filed a motion to modify appellant=s
disposition and for commitment to the Texas Youth Commission.  The juvenile court granted the motion and
ordered that appellant=s
probation be extended an additional 12 months until April 6, 2003.  On October 4, 2001, the State filed another
motion to modify appellant=s
disposition and for commitment to the Texas Youth Commission.  There is no evidence in the record that any
action was taken on this motion.

The State filed another motion to modify appellant=s disposition and for commitment to the
Texas Youth Commission on April 10, 2002. 
On May 9, 2002, the trial court ordered that appellant be committed to
the Texas Youth Commission.  On May 14,
2002, appellant filed a motion for new trial, arguing that the trial court=s May 9 order was contrary to the law
and not supported by the pleadings and evidence.  The trial court granted the motion for new
trial on July 17, 2002, thus invalidating the prior order.  A new disposition hearing was set for July
18, 2002.  There is no evidence in the
record of what took place at that hearing, other than a notation on the court=s docket sheet, AProb
until 18th birthday (10/20/04) original terms of probation.@ 
There is, however, no court order in the record.








No further action was taken until January 19,
2004, when the State filed another motion to modify appellant=s disposition and for commitment to the
Texas Youth Commission.  The motion
stated that, Aon July
18, 2002, the child=s
probation was extended until October 20, 2004.@  On January 29, 2004, appellant filed a motion
to dismiss motion to modify, alleging that there was no written order in the
record Aannouncing
the extension of probation on July 18, 2002.@  Appellant asserted that, consequently, the
jurisdiction of the juvenile court expired on April 6, 2003.  The trial court denied appellant=s motion.  On January 30, 2004, the trial court ordered
that appellant be committed to the Texas Youth Commission.

In two issues on appeal, appellant argues that (1)
the trial court no longer had jurisdiction to modify appellant=s disposition and (2) the search and
seizure of the marihuana he was accused of possessing was illegal under the
Fourth Amendment of the United States Constitution.[1]

Appellant first argues that the trial court did
not have jurisdiction to modify the terms of his probation because appellant=s probation expired prior to the
modification hearing.  We agree.

Juvenile courts possess only limited
jurisdiction.  See In re D.C., 49
S.W.3d 26, 28 (Tex. App. - San Antonio 2001, no pet=n).  The original jurisdiction of a juvenile court
attaches when a petition is filed alleging that the child has engaged in
delinquent conduct or conduct indicating a need for supervision and a summons
is served on the child.  In re J.L.S.,
47 S.W.3d 128, 130 (Tex.App. - Waco 2001, no pet=n).  Unless the juvenile court decides to waive
its exclusive jurisdiction and transfer the child to a district court, the
court can continue to exercise jurisdiction over the child even after
adjudication and disposition.  In re
J.L.S., supra.








The juvenile court=s
continuing jurisdiction, however, is not without limits.  In most cases, the court retains continuing
jurisdiction to modify a juvenile=s
disposition only until the child reaches his 18th birthday or the child is
earlier discharged by the court or operation of law.  See TEX. FAM. CODE ANN. ' 54.05(a) (Vernon Supp. 2004 -
2005).  In other cases, the court may extend
a period of probation at any time before the first anniversary of the date on
which the period of probation expires provided that a motion for revocation or
modification of probation is filed before the period of supervision ends.  See TEX. FAM. CODE ANN. ' 54.05(l) (Vernon Supp. 2004 -
2005).[2]   A juvenile court also has jurisdiction to
commit a child to the Texas Youth Commission for violations of probation that
occurred prior to the expiration of the probationary term when the motion to
modify is filed before the probationary term expires and the hearing is
conducted without undue delay.  In re
D.C., supra.  In no case,
however, is the court allowed to exercise unlimited jurisdiction over a
juvenile. 

When there is a time limit placed on a court=s jurisdiction to act on a matter,
orders must be in writing and signed by the trial court.  Westbrook v. State, 753 S.W.2d 158,
159 (Tex.Cr.App. 1988).  In this case,
the court=s time
limit was April 6, 2003, the date on which appellant=s
probation was set to expire.  An order to
extend appellant=s
probation beyond that date needed to be in writing because, to be effective, an
order must appear somewhere in the court=s
record.  See In re Fuentes, 960
S.W.2d 261, 264 (Tex.App. - Corpus Christi 1997, no pet=n).  Oral pronouncements are inadequate.  See In re Wal-Mart Stores, Inc., 20
S.W.3d 734, 740 (Tex.App. - El Paso 2000, no pet=n).

Before proceeding, we think it may be helpful to
provide a brief summary of the critical dates in this case:

April 5, 2001                The court placed appellant on
probation until April 4, 2002.

 

July 19, 2001               The court extended appellant=s probation until April 6, 2003.

 

May 9, 2002                The court committed appellant to
the Texas Youth Commission.

 

May 14, 2002              In response to the May 9 court
order, appellant filed a motion for new trial.

 

July 17, 2002               The court granted appellant=s motion.

 

July 18, 2002               The court held a new hearing to
modify the terms of appellant=s
probation, but there was no written order in the record to provide evidence of
what occurred at this hearing.

 

April 6, 2003                According to the last effective
written order in the record, appellant=s
probation expired.

 

January 30, 2004          The court committed appellant to the
Texas Youth Commission.

  








There is no written order in the record extending
appellant=s
probation beyond April 6, 2003.  The only
evidence in the record of such an extension is a docket sheet entry on July 18,
2002.  A docket sheet entry, however,
does not suffice as a written order.  State
v. Shaw, 4 S.W.3d 875, 876 (Tex.App. - Dallas 1999, no pet=n). 
Docket sheet entries are inherently unreliable, lacking the formality of
orders and judgments.  State v. Shaw,
supra at 878.  Without a written
order extending appellant=s
probation beyond April 6, 2003, we must conclude that the court=s jurisdiction over appellant
terminated on that date.

An order is void when a court has no power or
jurisdiction to render it.  Urbish v.
127th Judicial District Court, 708 S.W.2d 429, 431 (Tex.1986).  We hold that, because appellant=s probation expired on April 6, 2003,
the court did not have jurisdiction to revoke appellant=s
probation on January 30, 2004.  
Therefore, the order committing appellant to the Texas Youth Commission
is void.  We sustain appellant=s first issue on appeal.

Because we sustain appellant=s first issue on appeal, we need not
address his second issue.

The judgment of the trial court is reversed, and
we render judgment that the order committing appellant to the Texas Youth
Commission is set aside.

 

JIM
R. WRIGHT

JUSTICE

 

September
15, 2005

Not
designated for publication.  See
TEX.R.APP.P. 47.2(a).

Panel
consists of: Wright, J., and McCall, J.[3]











[1]We note that the State failed to submit a brief to this
court in response to appellant=s arguments.





[2]Subsection (l) was added to the Family Code by
Act of June 2, 2003, 78th Leg., R.S., ch. 283, ' 21, 2003
Tex. Gen. Laws 1221, 1227 (effective September 1, 2003).





[3]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.