COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NOS.  2-06-018-CR

         2-06-081-CR



 

 

EX
PARTE JEFFREY SCOTT LEWIS

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Jeffrey Scott Lewis appeals the trial court=s
rulings on his two pretrial requests seeking a reduction of his bond.  Specifically, he appeals the trial court=s
February 21, 2006 order dismissing his preindictment application for writ of
habeas corpus for want of prosecution and the trial court=s
January 13, 2006 order denying his request for a hearing on his postindictment
application for writ of habeas corpus. 








Even though the trial court held a hearing on
appellant=s preindictment application for
writ of habeas corpus on August 11, 2005Cand
orally denied the requested bond reductionCthe
judge did not sign a written order denying relief on the merits of the
application.  Instead, some five months
later, the trial court issued a written order dismissing the cause for want of
prosecution.  But because an appeal may
be taken only from a district court=s order
that rules on the merits of the applicant=s claim,
appellant does not have the right to appeal from this dismissal.  See Ex
parte Hargett, 819 S.W.2d 866, 868 (Tex.
Crim. App. 1991).  Nor does appellant
have the right to appeal from the trial court=s refusal to hold
a hearing on his postindictment application for writ of habeas corpus.  See id.[2]  








We disagree with
appellant that the orders are appealable because the trial court did Aactually rule@ on the merits of
his claims.  While the trial court made
an oral ruling on appellant=s first bond reduction request, this ruling was never
reduced to a written order.  And it is
the written order that memorializes the judge=s intent to
authenticate the action taken.  State
v. Shaw, 4 S.W.3d 875, 877-78 (Tex. App.CDallas 1999, no
pet.); see also State v. Rosenbaum, 818 S.W.2d 398, 402 (Tex. Crim. App.
1991) (holding that the term Aentered by the court@ encompasses the
signing of an order by the trial court judge). 
Accordingly, the record contains no order addressing the merits of
either application for habeas relief.  

Because there is
no right to appeal from either the trial court=s dismissal of
appellant=s preindictment application for writ of habeas corpus
or the trial court=s refusal to hold a hearing on the postindictment
application, we grant the State=s motion to dismiss and dismiss these appeals for want
of jurisdiction.  See
Tex. R. App. P. 43.2(f).

 

BOB
MCCOY

JUSTICE

 

PANEL D:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:  June 8, 2006











[1]See Tex. R. App. P.
47.4.





[2]When a judge refuses to rule on the merits of an
application for writ of habeas corpus, the applicant may file a petition for
writ of mandamus requesting that the trial judge be ordered to rule.  See Ex parte Cozzi, 138 S.W.3d 454,
455 (Tex. App.CFort Worth 2004, pet. ref=d).  If the trial court refuses to hold a hearing,
the applicant may present the application to another district judge having
jurisdiction or, under proper circumstances, pursue a writ of mandamus.  See Hargett, 819 S.W.2d at 868.