# NO. 12-09-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DENNIS MAYFIELD,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Following a guilty plea, Appellant Dennis Mayfield was convicted of "driving while intoxicated 3rd or more." The trial court assessed his punishment at imprisonment for eight years and a five thousand dollar fine. Appellant subsequently filed a "Motion to Dismiss Fine and/or Fees, or in the Alternative Time Served" in which he alleged that he was indigent and asked the trial court to (1) submit a claim for payment of the fine to the State Comptroller's Office, (2) dismiss the fine, or (3) "allow for time served." Appellant was notified by form transmittal letter, signed by the trial court coordinator, that his motion had been denied. He filed a notice of appeal on March 12, 2009.

To be effective, an order must be reduced to writing, signed by the trial judge, and entered in the record. *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.–Dallas 1999, no pet.). No signed order denying Appellant's motion is included in the information received in this appeal. The form transmittal letter is not an order because it was not signed by the trial court.[1] *See id.* Therefore, on March 16, 2009, the clerk of this court notified Appellant that the information received in this appeal

---

[1] As a general rule, an appeal in a criminal case may be taken only from a judgment of conviction. *See Workman v. State*, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (Tex. Crim. App.1961). However, there are certain narrow exceptions. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.) (listing exceptions). The order Appellant complains of is not a judgment of conviction nor does it fall within any exception to the general rule. Therefore, assuming such an order exists, it is not an appealable order. Consequently, if the order had been included in the information received in this appeal, we still would not have jurisdiction of the appeal.

does not include an appealable order and further informed him that the appeal would be dismissed unless the information was amended on or before April 15, 2009 to show the jurisdiction of this court. *See* TEX. R. APP. P. 37.1, 44.3. Appellant has not complied with or otherwise responded to this court's notice.

Because we have not been provided with an appealable order, we have no jurisdiction over the appeal. Accordingly, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered April 22, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)