NO. 12-09-00073-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DENNIS MAYFIELD,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Following a guilty plea, Appellant Dennis Mayfield was convicted of "driving while
intoxicated 3rd or more." The trial court assessed his punishment at imprisonment for eight years
and a five thousand dollar fine. Appellant subsequently filed a "Motion to Dismiss Fine and/or Fees,
or in the Alternative Time Served" in which he alleged that he was indigent and asked the trial court
to (1) submit a claim for payment of the fine to the State Comptroller's Office, (2) dismiss the fine,
or (3) "allow for time served." Appellant was notified by form transmittal letter, signed by the trial
court coordinator, that his motion had been denied. He filed a notice of appeal on March 12, 2009.

 To be effective, an order must be reduced to writing, signed by the trial judge, and entered
in the record. State v. Shaw, 4 S.W.3d 875, 878 (Tex. App.-Dallas 1999, no pet.). No signed order
denying Appellant's motion is included in the information received in this appeal. The form
transmittal letter is not an order because it was not signed by the trial court. (1) See id. Therefore, on
March 16, 2009, the clerk of this court notified Appellant that the information received in this appeal
does not include an appealable order and further informed him that the appeal would be dismissed
unless the information was amended on or before April 15, 2009 to show the jurisdiction of this
court. See Tex. R. App. P. 37.1, 44.3. Appellant has not complied with or otherwise responded to
this court's notice.

 Because we have not been provided with an appealable order, we have no jurisdiction over
the appeal. Accordingly, the appeal is dismissed for want of jurisdiction. See Tex. R. App. P.
42.3(a).

Opinion delivered April 22, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.































 (DO NOT PUBLISH)
1. As a general rule, an appeal in a criminal case may be taken only from a judgment of conviction. See
Workman v. State, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (Tex. Crim. App.1961). However, there are certain
narrow exceptions. Wright v. State, 969 S.W.2d 588, 589 (Tex. App.-Dallas 1998, no pet.) (listing exceptions). The
order Appellant complains of is not a judgment of conviction nor does it fall within any exception to the general rule. 
Therefore, assuming such an order exists, it is not an appealable order. Consequently, if the order had been included
in the information received in this appeal, we still would not have jurisdiction of the appeal.