**AFFIRM; and Opinion Filed January 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01522-CR

## EX PARTE KEITH D. ROANE

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-86164-04**

### OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Brown

Keith D. Roane appeals the trial court's order denying his application for writ of habeas corpus. In three issues, appellant contends the trial court erred in failing to appoint counsel, conduct an evidentiary hearing, and transmit to him a copy of the order denying relief. Finding no abuse of discretion, we affirm.

### BACKGROUND

The trial court convicted appellant of misdemeanor driving while intoxicated and it assessed punishment at sixty days confinement in the county jail and a $600 fine, probated for one year. This Court affirmed appellant's conviction in *Roane v. State*, No. 05-09-00927-CR, 2010 WL 3399036 (Tex. App.—Dallas Aug. 31, 2010, pet. ref'd) (not designated for publication).

The State's trial evidence showed appellant and a female companion left a party to go "four-wheeling" in a field. During the activity, the companion was ejected from the vehicle. Appellant drove the vehicle to an alley and called 911 to summon help. Appellant told conflicting stories to the 911 dispatcher and the responding officer about who was driving at the time of the accident. The officer testified he arrived to find appellant standing outside the vehicle with the keys in his hand and the injured companion lying on either the passenger seat or backseat. Appellant admitted to the officer that he had driven the vehicle to the alley. The officer testified appellant exhibited numerous signs of intoxication and failed field sobriety testing. The officer did not see appellant drive the vehicle nor could he testify about the timing of appellant's drinking.

In his writ application, appellant alleged trial counsel advised him incorrectly that necessity was not a defense to driving while intoxicated, and trial counsel rested without conferring with him to determine whether he desired to testify in his own defense. Had he testified, appellant contended, he could have admitted he drove the vehicle and thus laid the predicate for a necessity defense. *See Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999) (to raise necessity defense, defendant must admit violating the statute and then offer necessity as justification).

Appellant presented no evidence in support of his writ application other than his verification of the application. The trial court did not hold an evidentiary hearing. There is no evidence in the record showing counsel was given an opportunity to respond to appellant's allegations.

Although the trial court ruled against appellant on his application, it did not produce a written order until ordered to do so by this Court during the pendency of this appeal. The trial

court's written order denies appellant's application as frivolous. On original submission, appellant did not file a brief and this Court affirmed the trial court's order. The Court subsequently denied appellant's motion for rehearing, but withdrew its opinion in the interest of justice to give appellant another opportunity to file a brief.

## APPLICABLE LAW

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id.* In post-trial habeas proceedings where community supervision is imposed, the trial judge is the sole finder of fact. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). The reviewing court affords almost total deference to the trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor. *Id.* This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). If resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

## ANALYSIS

In his first point of error,[1] appellant contends he should be entitled to appointed counsel to represent him in his habeas proceeding. Appellant represents he timely requested counsel,

---

[1] We note that the points of error assigned in the table of contents do not match the issues presented in the body of his brief. Because they are supported by argument, we consider the issues presented in the body of the brief as appellant's issues on appeal.

never waived his right to counsel, and was found to be indigent at all times both before and after the filing of his writ application. Appellant contends his case is distinguishable from *Burton v. State*, 267 S.W.3d 101 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) and *Wade v. State*, 31 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (per curiam).

As the State points out, a criminal defendant has no constitutional right to appointed counsel to pursue habeas relief. *Ex parte Graves*, 70 S.W.3d 103, 111 (Tex. Crim. App. 2002) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). The trial court has the authority to appoint counsel if the trial court determines that "the interests of justice require representation." TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(3) (West Supp. 2013). Appellant cites no authorities to support his asserted right to counsel and the *Burton* and *Wade* cases, discussing the failure to file a brief in a direct appeal, neither support nor detract from his position. We conclude appellant has not shown an abuse of discretion, and we overrule his first point of error.

In his second point of error, appellant contends the trial court erred in not conducting an evidentiary hearing to resolve the factual contentions in his writ application regarding trial counsel's alleged ineffective assistance. Article 11.072 does not require the trial court to conduct an evidentiary hearing before deciding the merits of a writ application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §6 (West Supp. 2013); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.).

Appellant concedes that the code of criminal procedure does not require the trial court to conduct a hearing but points out that article 11.10 states the trial court "shall appoint a time when he will examine the cause of the applicant. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 11.10 (West 2005). We note that article 11.10 applies "[w]hen motion has been made to a judge under the circumstances set forth in the two preceding Articles. . . ." *See id.* Articles 11.08 and 11.09

describe procedures for applicants who seek relief for pretrial confinement. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.08–09 (West 2005).

Appellant further contends the face of his application did not manifestly show he is entitled to no relief and the trial court improperly ruled his application was frivolous either because he failed to serve the application on trial counsel or because the trial court believed it lacked jurisdiction. As evidence of his assertions about the trial court's reasoning, appellant points to the trial court's docket entry stating "Application for writ of habeas corpus is denied without a hearing. Matters raised should or [sic] been presented to the appellate court." Appellant further asserts he contacted the trial court clerk by telephone and was told "the writ was denied because the court believed they did not have jurisdiction and that the writ should be filed with this Court."

Appellant's assertions about why the trial court found his application frivolous do not merit any relief. A docket sheet entry is not an appealable order. *See State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996); *see also State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) (docket sheet entries are not a part of the record because they are inherently unreliable and lack the formality of orders and judgments). It is the written order of the trial court that constitutes an appealable order for review. *See* TEX. R. APP. P. 25.2(a); *Shaw*, 4 S.W.3d at 878. Pursuant to this Court's order, the trial court has filed a written order denying relief. The trial court's written order states appellant's writ application was reviewed on September 26, 2012 and the application was denied as frivolous. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §(7) (a) (West Supp. 2013). Appellant's allegation in his brief alleging the content of a conversation with a trial court clerk does not constitute cognizable evidence for

review.  Assertions in a brief unsupported by record evidence will not be accepted as fact. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996).

On the record presented, we cannot conclude the trial court erred in concluding the application was frivolous.  To obtain relief on the ground of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Ex parte Martinez*, 330 S.W.3d 891, 900–01 (Tex. Crim. App. 2011).  In reviewing complaints about counsel's strategy, we are highly deferential and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Martinez*, 330 S.W.3d at 900 (quoting *Strickland*, 466 U.S. at 689).  Counsel's strategy and tactics are not deficient unless they are so outrageous that no competent attorney would pursue them.  *Ex parte Harrington,* 310 S.W.3d 452, 459 (Tex. Crim. App. 2010).  Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence.  See *Martinez*, 330 S.W.3d at 901.  The reasonableness of counsel's performance is judged under prevailing professional norms.  *Strickland*, 466 U.S. at 688.  Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight.  *Strickland*, 466 U.S. at 689.  Ordinarily, appellate courts will not declare counsel ineffective unless the record shows counsel was given an opportunity to explain the challenged performance.  *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Without evidence of the strategy behind counsel's actions at trial, a reviewing court will presume sound trial strategy.  *See Martinez*, 330 S.W.3d at 901.

Determining what witnesses to call at trial is a matter of trial strategy. *See Ortiz v. State*, 866 S.W.2d 312, 315 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Appellant did not contact trial counsel to give trial counsel an opportunity to respond to the allegations and explain his advice and interactions with appellant, his trial strategy, or why he did not call appellant as a witness. Without trial counsel's explanation, appellant cannot overcome the presumption of a sound trial strategy. *See Martinez*, 330 S.W.3d at 901; *Goodspeed*, 187 S.W.3d at 392. Accordingly, we cannot conclude appellant has shown that counsel's performance fell below an objective standard of reasonableness. *See Martinez*, 330 S.W.3d at 900. Thus, we conclude the trial court did not abuse its discretion in determining appellant's application was frivolous without first conducting a hearing. We overrule appellant's second point of error.

In his third point of error, appellant contends the trial court erred by failing to provide him with a copy of the trial court's written order denying his application and with a copy of the reporter's record. Appellant contends that the failure to provide him with the order and reporter's record placed him at a material disadvantage in preparing his brief. Because there was no hearing on the writ application, there is no reporter's record to provide to appellant. Appellant concedes in his reply brief that the reporter's record issue is moot.

The trial court's order states in its entirety: "On the 26th day of September, 2012, Defendant's application for writ of habeas corpus was reviewed and Defendant was found to be entitled to no relief and the application was denied as frivolous pursuant to art. 11.072, section 7 of the Texas Code of Criminal Procedure." In its vacated opinion in this case, furnished to appellant before he prepared his brief, the Court summarized the order as follows: "The trial court, after reviewing the application, determined appellant was entitled to no relief and denied the application as frivolous."

Appellant's brief and reply brief show he understood his application was denied as frivolous. Appellant quotes the Court's summary of the order in his brief. Appellant's brief raises an issue of the conflict between the trial court's docket sheet entry and its written order denying the application as frivolous. Without attribution, appellant quotes in its entirety the language of article 11.072, section (7)(a) and contends his application was not "manifestly" frivolous. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § (7)(a) (West Supp. 2013). Thus, appellant understood the application was denied as frivolous, understood the statutory basis for the ruling, and was able to formulate an issue for review addressing the trial court's ruling. Assuming, without deciding, that the trial court failed to transmit a copy of the order to appellant, the error is harmless under the circumstances. *See* TEX. R. APP. P. 44.2(b) (requiring the Court to disregard all non-constitutional errors that do not affect appellant's substantial rights).

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.


/Ada Brown/
ADA BROWN
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

121522F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE KEITH D. ROANE

No. 05-12-01522-CR

On Appeal from the County Court at Law No. 3, Collin County, Texas Trial Court Cause No. 003-86164-04.

Opinion delivered by Justice Brown, Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 6th day of January, 2014.

/Ada Brown/
ADA BROWN
JUSTICE