# NO. 12-18-00042-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GAYNEAL RAY BAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Gayneal Ray Baker, appearing pro se, seeks to appeal from the trial court's denial of his motion for judgment nunc pro tunc. The clerk's record has been filed and contains a docket entry indicating that Appellant's motion was denied, but does not contain a signed order denying Appellant's motion.

On February 27, 2018, this Court notified Appellant that the clerk's record received in this appeal does not show the Court's jurisdiction, i.e., there is no final judgment or appealable order contained therein and the order being appealed is not an appealable order. Appellant was warned that the appeal would be dismissed on or before March 29, 2018, unless the clerk's record was amended to show the jurisdiction of this Court. In response, Appellant contends he timely filed a notice of appeal, his briefing should be liberally construed, this Court has authority to remand his case to the trial court for an evidentiary hearing, and he was not properly credited for time served.

In criminal cases, unless expressly authorized by statute, appellate courts have jurisdiction to review only final judgments. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law). To be effective, an order must be reduced to writing, signed by the trial judge, and entered in the record. *Mayfield v. State*, No. 12-09-00073-

CR, 2009 WL 1067600, at *1 (Tex. App.—Tyler Apr. 22, 2009, no pet.) (mem. op., not designated for publication); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.). No signed order denying Appellant's motion is included in the record.  Moreover, even a signed order would not vest this Court with jurisdiction, as no statute confers upon this Court the jurisdiction to consider an appeal from an order denying a request for judgment nunc pro tunc. *See Bailey v. State*, No. 12-16-00021-CR, 2016 WL 796200, at *1 (Tex. App.—Tyler Feb. 29, 2016, no pet.) (mem. op., not designated for publication); *see also Everett v. State,* 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd).

Because we have not been provided with an appealable order, we have no jurisdiction over the appeal.  Accordingly, the appeal is *dismissed for want of jurisdiction*.  *See* TEX. R. APP. P. 43.2(f); *see also Bailey*, 2016 WL 796200, at *1; *Mayfield*, 2009 WL 1067600, at *1.

Opinion delivered March 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2018**

**NO. 12-18-00042-CR**

**GAYNEAL RAY BAKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 14,554-CR)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*