**DISMISSED; Opinion Filed November 30, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00829-CR**
_____

**EX PARTE LOUIS JAMES BROWN, III**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-83597-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Louis James Brown, III appeals the denial of his post-conviction application for a bond pending appeal. Brown was charged with stalking and represented himself at trial. After finding him guilty, the jury assessed punishment at nine years in prison. Brown then timely filed a notice of appeal; that appeal is pending in cause number 05-20-00064-CR.

In August 2020, Brown filed a document entitled "Habeas Corpus/Motion for Bail Pending Appeal" in which he complained of the trial court's denial of his request for an appeal bond. We treated the document as a notice of appeal of said denial. After the clerk's record was filed, we notified Brown by letter dated

September 24, 2020 that we had concerns regarding our jurisdiction. Specifically, we noted that although the trial court docket sheet indicated the trial court denied Brown's motion for an appeal bond on August 18, 2020, the record did not contain a final written order on his motion. We informed Brown we would dismiss this appeal unless (1) a supplemental clerk's record was filed with the trial court's final written order or (2) Brown filed a letter brief explaining the basis for the Court's jurisdiction. To date, no supplemental clerk's record has been filed. And although Brown filed a letter, he conceded that no order had been issued but asked the Court to invoke our jurisdiction and consider his appeal nonetheless.

The rules of appellate procedure provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). To perfect an appeal, a notice of appeal must be timely filed after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402-03 (Tex. Crim. App. 1991) (time for filing appeal runs from date trial judge signs appealable order). An "appealable order" is a signed, written order. *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (order must be written and signed); *State v. Shaw*, 4 S.W.3d 875, 877-78 (Tex. App.— Dallas 1999, no pet.) (State's appeal must be from signed written order). A docket sheet entry is not an appealable order. *See State v. Garza*, 931 S.W.2d 560, 561-62 (Tex. Crim. App. 1996) (docket entry does not constitute "written order"); *Shaw*, 4 S.W.3d at 878 (same).

Here, there is no written order denying Brown's motion for an appeal bond. Rather, there is only a notation on the trial court's docket sheet. Absent a final written order, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a); *Sanavongxay*, 407 S.W.3d at 259; *Shaw*, 4 S.W.3d at 878.

We dismiss this appeal.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200829F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EX PARTE LOUIS JAMES
BROWN, III

No. 05-20-00829-CR

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-83597-
2019.
Opinion delivered by Justice Nowell.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 30th day of November, 2020.