**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00019-CV

_____

**VICKI ROSBOROUGH, Appellant**

**V.**

**TD INDUSTRIES, INC., Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-17077**

---

## MEMORANDUM OPINION

On August 12, 2025, we sent notice to the parties that it appeared that we lacked jurisdiction over this appeal because the appellate record lacked any final judgment and that counterclaims remained below. On August 22, 2025, appellant filed an unopposed motion to abate the appeal, conceding that the record did not

contain a final judgment, but requesting that we abate the appeal for the trial court to sign a final judgment.

Generally, appeals may be taken only from signed, final judgments. *See Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. R. APP. P. 26.1 (appellate timetable runs from the date the judgment or order is signed). The clerk's record must include a copy of the court's judgment or other order being appealed. TEX. R. APP. P. 34.5. An appellant may file a notice of appeal before the trial court reduces the judgment to writing and signs it, but the appellate court will not proceed until a written, signed judgment has been filed. TEX. R. APP. P. 27.1; *see State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) (stating that docket sheet entry is not substitute for signed written order).

Further, the record shows that an underlying defendant has a pending counterclaim below. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable."); *Palavan v. McCulley, Boulevard Realty LLC, and TBW Dev., LLC*, No. 01-14-00604-CV, 2015 WL 1544520, at *1–2 (Tex. App.—Houston [1st Dist.]

Apr. 2, 2015, no pet.) (mem. op.) (concluding that appellate court lacked jurisdiction because counterclaims remained pending).

Although we can abate for the trial court to clarify whether its judgment was final, no clarification is needed here because, as conceded by appellant, the trial court has not signed a final judgment. *See Lehmann*, 39 S.W.3d at 206 & n.92. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.